(110 So. 135)

## YOUNG v. WALL. (3 Div. 745.)

(Supreme Court of Alabama. Oct. 28, 1926.)

**1. Executors and administrators ⬳516(6).**

In bill filed under Code 1923, § 6482, against executor, to correct error in settlement of estate of deceased, it is not necessary to charge fraud.

**2. Executors and administrators ⬳75.**

Executor is a trustee for distributee of estate.

**3. Executors and administrators ⬳75.**

Gratuitous agency assumed by executor, attorney at law, in representing beneficiary and protecting her interests in settlement of estate, involves exercise of professional skill.

**4. Executors and administrators ⬳75.**

Where executor gratuitously undertook to represent beneficiary in settlement of estate, beneficiary was bound by what executor did in settlement as to third persons.

**5. Executors and administrators ⬳516(3)— Beneficiary cannot be charged with fault or neglect so as to defeat bill to correct settlement, where error was made by court (Code 1923, § 6482).**

Where court erred in charging special legacy with proportionate share of debts in settlement of estate between beneficiary and executor, beneficiary cannot be charged with fault or neglect so as to defeat her bill to correct settlement, under Code 1923, § 6482.

**6. Executors and administrators ⬳516(6)— Bill to correct settlement of estate held not objectionable as seeking removal of administration from probate to circuit court (Code 1923, § 6482).**

Bill to correct settlement of estate under Code 1923, § 6482, for error in charging special legacy with proportionate share of debts of estate, *held* not objectionable as improperly seeking removal of administration of estate to circuit court after final settlement in probate court.

**7. Courts ⬳476.**

Administration of estate cannot be split up and concurrent proceedings therein had in two courts at same time.

**8. Executors and administrators ⬳516(3)— Beneficiary does not lose interest in estate after final settlement so as to prevent his bringing bill to correct settlement (Code 1923, § 6482).**

Beneficiary does not lose interest in estate after final settlement so as to prevent his bringing bill to correct settlement under Code 1923, since if bill is sustained and settlement set aside to correct errors beneficiary would be interested in unadministered estate in decedent.

Appeal from Circuit Court, Butler County; A. E. Gamble, Judge.

Bill in equity by Mary Emma Wall against William J. Young. From a decree overruling a demurrer to the bill, respondent appeals. Affirmed.

Smiths, Young & Johnston, of Mobile, for appellant.

The decree against which complaint is made is final, and complainant cannot successfully assail the same, unless she brings herself strictly within the purview and provisions of the statute. Code 1923, § 6482; McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917; Burgin v. Sugg, 210 Ala. 142, 97 So. 216; Lehman-Durr Co. v. Robertson, 84 Ala. 489, 4 So. 728; Harrison v. Meadors, 41 Ala. 274. When jurisdiction of the probate court has attached, the court of equity will not interfere with the decree of the probate court, unless some fraud or error of law or fact has been committed in the rendition of the decree, and then only on such facts or grounds as the party complaining could not have availed of at the time of rendition of the decree. Rittenberry v. Wharton, 176 Ala. 390, 58 So. 293; Williams v. Williams, 202 Ala. 539, 81 So. 41; Waring v. Lewis, 53 Ala. 615; Adams v. Walsh, 190 Ala. 516, 67 So. 432; Martinez v. Meyers, 167 Ala.' 456, 52 So. 592; Otis v. Dargan, 53 Ala. 178. Appellee, who was present at the settlement and assented thereto, cannot hold appellant liable. Colbert v. Daniel, 32 Ala. 314.

Powell & Hamilton, of Greenville, for appellee.

When any error of law or fact has occurred in the settlement of any estate of a decedent, to the injury of any party and without fault or neglect on his part, such party may correct such error by bill in chancery within two years after the final settlement thereof. Code 1923, § 6482. The bequest to appellant was a special legacy. 28 R. C. L. 289. The administrator is a trustee for the benefit of the creditors and distributees; it is not necessary to aver fraud. Evans v. Evans, 200 Ala. 329, 76 So. 95. It is manifest that the wrong occurred by reason of the representations of appellant, and appellee may maintain the suit. Humphreys v. Burleson, 72 Ala. 1; Waldrom v. Waldrom, 76 Ala. 289; 20 Cyc. 20; Lehman-Durr Co. v. Shackleford, 50 Ala. 439; Townsend & Milliken v. Cowles, 31 Ala. 436; 10 R. C. L. 309, 310. Residuary legacies must be first used in liquidation of debts, where any legacies are necessary to be used. 28 R. C. L. 293, 300. The settlement was not final, in the sense that items involved might not be re-examined. McKeithen v. Rich, 204 Ala. 588, 86 So. 377.

SAYRE, J. Appellee's bill is exhibited against appellant as executor of the last will

and testament of John Edward Wall, deceased, and individually. It seeks to correct the settlement of the estate of decedent had in the probate court. The averment is that an error of law and fact occurred in the settlement, in that certain legacies to appellee were therein treated by appellant and by the court as general legacies and charged with a proportionate share of debts and expenses, whereas they were in law and fact special legacies due, in the circumstances, to be paid to appellee in full. This appeal is taken from a decree of the circuit court, sitting in equity, whereby appellant's demurrer to the bill was overruled.

The bill is filed under authority of the Code of 1923, § 6482. Its contention is that the proceeds of the sale of cotton owned by testator at the time of his death and money standing to his credit in the bank of Greenville—one-third thereof in both cases—were specific legacies to appellee and not chargeable, in the circumstances, with the payment of the debts of the estate or any part of the expenses of administration. It is not denied that the bill shows error, but it is insisted that the bill, construed against appellee, complainant, as on demurrer it must be, shows that appellee was present at the settlement, was informed by appellant's statement of account of the items of charge now in question, could then have availed herself of the errors now insisted upon, but did not, and is now concluded.

As going to show that she was not at fault in failing to bring the items now contested into issue at the settlement, appellee has averred in her amended bill that:

"Said William J. Young wrote her husband's will during his last illness and only a very short while before his death while in a hospital in the city of Montgomery, Ala. He is an attorney learned in the law, and was also a nephew of her husband. By reason of his having written the will and by reason of his great knowledge of the law, after she decided not to dissent from the will, the said William J. Young from time to time counseled with her with reference to the estate, and she informed him that she would not employ an attorney to look after her interest in the estate, and the said Young stated to her and also to William H. Watt, who is referred to in the will as the friend and partner of the said John Edward Wall, deceased, that it would not be necessary for her to have a lawyer, but that he would advise her fully as to her rights in the estate and would see that she should receive what she was entitled to under the will.

"Complainant further shows that she has very little education; that she does not know anything about bookkeeping or the stating of accounts; that she is and was ignorant of the law governing the provisions of her husband's will; and that on receiving the assurances from the said William J. Young that he would advise her fully as to her rights in the estate and see that she should receive what she was entitled to under her husband's will, she relied upon said assurances and trusted to the said William J. Young to fully protect her in her legal rights under her husband's will, and relied upon and trusted him to pay over to her the legacies and property bequeathed to her under the will. Relying upon him on account of the fact that he was an attorney, the nephew of her husband, and on his assurances hereinabove set forth that he would see that she was fully protected and would get what she was entitled to under the will, complainant did not employ or consult with an attorney as to her rights under the will. On account of her limited knowledge and ignorance she was not herself competent to examine the account for final settlement or know its full import and meaning, and because of the assurances of the said William J. Young hereinabove set forth, she did not get the assistance of any other attorney to go over the account for final settlement and did not know what it really contained.

"She further alleges and shows that she did not discover until after said settlement above referred to was had and said decree above referred to was rendered that the same were in fact and in law erroneous as hereinabove set forth, and that her failure to learn of the same was because of her ignorance of such matters and on account of the fact that she had received the assurances of the said William J. Young hereinabove set forth, and because she relied upon them and trusted to him that he would see that she was fully protected and should receive what her husband had bequeathed to her under his said will."

And in a later amendment she avers:

"Complainant further alleges and charges that, although the said William J. Young had assured her that it would not be necessary for [her] to have a lawyer and that he would advise her fully as to her rights in the estate and would see that she received what she was entitled to under her husband's will, he never at any time informed complainant that she was entitled to one-third of the specific legacies in money and proceeds of cotton left by her husband at his death and bequeathed to her under his will, amounting to the sum of, to wit, $1,806.04. He never at any time informed her that she was entitled to these sums free from the payment of the indebtedness owing by her husband's estate. On the contrary, he used a greater part of said sums, as hereinabove alleged, in the payment of the indebtedness owing by the estate and at the same time relieved the bonds hereinabove referred to from the payment of said indebtedness, although they were general legacies. * * * Being illiterate and knowing nothing about bookkeeping or the stating of accounts, complainant did not know the true import of the settlement had in the probate court of Butler county, Ala., above referred to. She was also ignorant of the law governing her rights, and on account of the assurances she had received from him she left everything to the said William J. Young and relied implicitly on his assurances that she would be protected and receive what she was entitled to under her husband's will."

[1-5] No fraud is charged. Nor is that necessary to the equity of the bill. This appears upon the face of the statute. Evans v. Evans, 200 Ala. 332, 76 So. 95. The sole question presented is, whether the averments of

her bill sufficiently show that appellee was "without fault or neglect." It is made to appear that appellant gratuitously undertook to represent appellee and to protect her interests in the settlement. His gratuitous agency, thus assumed, involved the exercise of professional skill. Besides, he was a trustee for appellee. Evans v. Evans, supra. As to third parties appellee was bound by what appellant did at the settlement. But the settlement, for all the purposes of this case, it may be said, was a settlement between appellee and appellant. The errors complained of were the errrors of the court. How or for what reason the court fell into error is immaterial. In the circumstances stated in the bill no fault or neglect, as between the parties to this cause, should be imputed to appellee that she reposed confidence in appellant and intrusted her interest to his keeping.

[6, 7] The bill is not open to the objection that it improperly seeks the removal of the administration of the estate of John Edward Wall, deceased, from the probate to the circuit court in equity after a final settlement in the first named court. If the allegations of the bill be true, the settlement in the probate court must be overhauled—was not in fact a final settlement—this because the bill sets up special grounds of equity. Nor can the administration of an estate be split up and concurrent proceedings therein had in the two courts at the same time. McCraw v. Cooper, ante, p. 51, 108 So. 850; Kimball v. Cunningham, 197 Ala. 636, 73 So. 323.

[8] The brief contains no statement of the ground upon which appellant rests his assertion that complainant is no longer interested in the estate and is therefore not entitled to prosecute this suit. If the bill be established and the settlement in the probate court be set aside to the end that errors prejudicial to appellee be corrected, then appellee is interested in the unadministered estate of decedent.

The decree overruling the demurrer is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.