### SMELLEY et al. v. HAYNES.
### 7 Div. 174.

Supreme Court of Alabama.
June 8, 1933.

Knox, Dixon, Sims & Dixon, of Talladega, for appellants.

Harrison & Stringer, of Talladega, for appellee.

ANDERSON, Chief Justice.

This bill was filed under section 6482 of the Code of 1923 which reads as follows: "When any error of law or fact has occurred in the settlement of any estate of a decedent, to the injury of any party, without any fault or neglect on his part, such party may correct such error by bill in circuit court, within two years after the final settlement thereof; and the evidence filed in the court of probate in relation to such settlement must be received as evidence in the circuit court, with such other evidence as may be adduced: and a failure to appeal from the decree of the probate court shall not be held to be such fault or neglect as will bar the complainant of the remedy herein provided."

We think the averments of the bill charge such errors and concealments from the probate court upon what purports to be a final settlement, and acquits the complainant of negligence as to invoke relief in equity under the following authorities. Fidelity & Deposit Co. v. Hendrix, 215 Ala. 555, 112 So. 117; Young v. Wall, 215 Ala. 131, 110 So. 135; Grace v. Perunbo et al., 202 Ala. 504, 80 So. 792; Martinez et al. v. Meyers, 167 Ala. 456, 52 So. 592.

While the bill shows that the complainant is a nonresident, and does not negative a publication of notice, it expressly denies actual notice of the time of settlement and the errors and matters complained of until after the decree of the probate court in what purports to be a final settlement. Morrow v. Allison, 39 Ala. 70; Hall v. Pegram, 85 Ala. 522, 5 So. 209, 6 So. 612.

The amended bill is not open to the objection that it improperly seeks the removal of the administration of the estate from the probate to the circuit court, in equity, after a final settlement in the former. If the averments of the bill are found to be true, the settlement in the probate court must be overhauled—was not in fact a settlement, this because the bill sets up a special ground of equity. Young v. Wall, 215 Ala. 131, 110 So. 135.

The only case cited and relied upon by appellants' counsel, Adams v. Walsh et al., 190 Ala. 516, 67 So. 432, is one where the administratrix of an estate filed a bill to set aside a decree of settlement upon an account stated against her, she being in default, and the court held that the bill was subject to demurrer because it did not allege that she did not receive the statutory notice and was not present at the hearing, meaning, of course, personal notice, as she does not appear to have been a nonresident. Here, the bill negatives actual notice of the settlement in question until after it was made.

The trial court did not err in overruling the demurrer to the amended bill of complaint, and the decree of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.