172 So. 598

## SOPER v. BURNS et al.

### 8 Div. 756.

Supreme Court of Alabama.

Jan. 7, 1937.

Rehearing Denied March 4, 1937.

Wm. Milliken, of Florence, for appellant.

A. A. Williams, of Florence, for appellees.

Andrews & Almon, of Sheffield, for appellant.

Wm. L. Chenault, of Russellville, for appellees.

ANDERSON, Chief Justice.

The decedent, Dr. D. H. Walker, owned certain shares of stock in the First National Bank of Tuscumbia at the time of his death, which said bank failed and this proceeding is for the collection of the superadded subscription fixed by the federal statute relating to national banks. While possibly not the sole, it appears from the argument of both sides that the main reason or point upon which the trial court sustained the demurrer to and dismissed the bill of complaint was upon the theory that the claim was barred by our statute of nonclaim. Section 5815 of the Code of 1923, as amended by Gen.Acts 1931, p. 840, and which said amendment is applicable to this case, reads as follows:

"All claims against the estate of a decedent, other than the claims referred to in the preceding section, whether due or to become due, must be presented within six months after the grant of letters testamentary or of administration; and if not presented within that time, they are forever barred and the payment or allowance thereof is prohibited. And such presentation must be made by filing a verified claim or verified statement thereof in the office of the judge of probate of the county in which the letters are granted, within six months from the granting of such letters."

Dr. Walker left a will naming these respondents, his daughters and heirs at law, his legal representatives. Letters were issued to them April 15, 1933, while the claim in question was not ascertained and assessed by the comptroller of the currency until September 19, 1934, more than

a year after the issuance of letters of administration to the respondents.

While the bank may have become insolvent at an earlier date, the liability for assessment on the stock dates from the order of the comptroller who decides when it is necessary to institute proceedings therefor and his determination is conclusive. Rankin v. Barton, 199 U.S. 228, 26 S.Ct. 29, 50 L.Ed. 163; Drain v. Stough (C.C.A.) 61 F.(2d) 668, 87 A.L.R. 490, and note on page 494. As the claim in question was not ascertained and assessed for over a year after the issuance of letters to the respondents, a presentation of same within six months as required by our statute was impossible and said statute cannot apply to or control a claim of this character. While state statutes may be recognized in connection with the descent and distribution of the property of a deceased stockholder and the enforcement and collection of claims of this character, yet as said in the case of Seabury v. Green, 294 U.S. 165, 55 S.Ct. 373, 375, 79 L.Ed. 834, 96 A.L.R. 1463, "As suggested in Forrest v. Jack [294 U.S. 158, 55 S.Ct. 370, 79 L.Ed. 829, 96 A.L.R. 1457], supra, the enforcement of liability imposed by section 66 may not be thwarted or impeded by state law."

The bill of complaint not showing on its face that the claim was barred by the statute of nonclaim was not subject to demurrer. Dirago v. Taylor, 227 Ala. 271, 150 So. 150; Buchmann v. Turner, 221 Ala. 563, 130 So. 196. Indeed, the bill of complaint affirmatively shows, as matter of law, that the claim was not barred by our statute of nonclaim.

The bill of complaint conforms to section 6482 of the Code of 1923, which reads as follows:

"When any error of law or fact has occurred in the settlement of any estate of a decedent, to the injury of any party, without any fault or neglect on his part, such party may correct such error by bill in circuit court, within two years after the final settlement thereof; and the evidence filed in the court of probate in relation to such settlement must be received as evidence in the circuit court, with such other evidence as may be adduced; and a failure to appeal from the decree of the probate court shall not be held to be such fault or neglect as will bar the complainant of the remedy herein provided." Smelley v.

Haynes, 227 Ala. 44, 149 So. 97, and cases there cited.

Having decided that the complainant has a live and subsisting claim, we do not apprehend that the trial court will have any difficulty in enforcing same whether the respondents be liable as for a devastavit or not as they were the recipients of practically all of the property of the estate and which was ample to satisfy the complainant's claim.

While the bill of complaint seeks, among other things, a transfer of the settlement of the estate from the probate to the circuit court in equity, there do not appear to be any creditors other than the complainant, and we feel that the settlement made in the probate court should only be set aside and vacated in so far as the same might be a bar or hindrance to the enforcement of the complainant's claim.

The trial court erred in sustaining the demurrers to the bill of complaint and in dismissing same, and the decree of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

THOMAS, BROWN, and KNIGHT, JJ., concur.