35 So.2d 496

### REID v. WILLIAMS et al.
### 6 Div. 687.

Supreme Court of Alabama.
May 20, 1948.

Jas. H. Bradford, of Birmingham, for appellant.

Chas. Denegre, of Birmingham, for appellee Williams.

H. H. Grooms and Spain, Gillon, Grooms & Young, all of Birmingham, for U. S. Fidelity & Guaranty Co.

FOSTER, Justice.

This is an appeal from a decree overruling demurrer to a bill in equity, after the court had sustained a demurrer several times before it was last amended. The only question here is whether the decree overruling the demurrer to the bill as last amended is subject to the demurrer interposed.

The purpose of the bill is to correct an error of fact which occurred in the final settlement of the estate of Sylvia L. Reid Stanley in the probate court made on April 18, 1944. The bill was filed within two years thereafter, and seeks to make available the benefits of section 145, Title 13, Code, giving the circuit court, in equity, jurisdiction to correct any error of law or fact occurring in the settlement of an estate without any fault or neglect of the injured party.

Piecing the bill and its amendments into a harmonious instrument, and stating its substance and effect, it is that Sylvia L. Reid Stanley died in 1943, leaving as her only heirs and distributees, complainant Jennie Reid Williams, a sister; Henry Reid, a brother; and Ernest Willis, the son of a deceased sister, and an estate of the value of $14,106.06. That Henry Reid applied for and obtained letters of administration alleging that he was her only heir, and left no brothers or sisters, nor the child of a deceased brother or sister, knowing at the time that complainant was a sister living in Montgomery, Alabama, and that Ernest Willis was the son of a deceased sister and living in St. Louis, Missouri. And that the United States Fidelity and Guaranty Company was the surety on his bond. That he made settlement of said estate on April 18, 1944, whereby he was awarded the entire estate after payment of the expenses and claims, in the sum of $13,082.78, whereas complainant and Ernest Willis were each entitled to one-third of that sum. That complainant did not hear of the death of decedent until the middle of July 1945, through no fault of her own, and had no notice of any kind concerning the administration of the estate, and the final settlement until then. That Ernest Willis first knew of it by receiving a copy of the instant bill, he being made a party respondent. That the United States Fidelity and Guaranty Company has paid her and Ernest Willis each $3,270.69 on account of their share in the estate. That company is not contesting the right of complainant in this suit, though that is not alleged to be in full of their claim.

Such allegations fully meet the requirements of the statute, supra, and the bill as thus amended is not subject to the demurrer interposed. Fidelity & Deposit Co. v. Hendrix, 215 Ala. 555, 112 So. 117; Young v. Wall, 215 Ala. 131, 110 So. 135; Smelley v. Haynes, 227 Ala. 44, 149 So. 97.

There is some confusion in the record as to whether Ernest Willis was or is a party complainant or respondent. He was first made a respondent, then a complainant, and the amendment making him a complainant was withdrawn. He then filed a petition for intervention. He then struck that petition and converted it into an answer, being represented by the counsel representing complainant. The respondent Henry Reid moved to strike the answer of Ernest Willis. In the decree overruling the demurrer to the bill, the court overruled the motion to strike the answer of Ernest Willis. That ruling is also assigned as error. But that being an interlocutory order, and not appealable, it is not assignable for error on appeal from an interlocutory order which is appealable. Fogleman v. National Surety Co., 222 Ala. 265, 132 So. 317.

The respondent Henry Reid also insists that Ernest Willis was not properly made a party since there was no prayer for process to him. Rule 11, Equity Practice, Code 1940, Tit. 7 Appendix. But that is not always essential to make him a party respondent. Jackson v. Putman, 180 Ala. 39, 60 So. 61; Julian v. Woolbert, 202 Ala. 530, 81 So. 32; McKenzie v. Baldridge, 49 Ala. 564. Process to the respondent was prayed for, and he was named a respondent. But even so, no one else but Ernest Willis himself may complain of the manner in which he is made a party. Abrahams v. Abrahams, 219 Ala. 533(9), 122 So. 625.

The decree of the court overruling the demurrer to the bill as last amended is affirmed. No other assignments are considered.

Affirmed.

GARDNER, C.J., and LAWSON and STAKELY, JJ., concur.