48 So.2d 424

**HUMPHREY v. HUMPHREY et al.**

8 Div. 548.

Supreme Court of Alabama.

Oct. 26, 1950.

Claude H. Pipes and James Butler, of Huntsville, for appellant.

C. L. Watts, Joe L. Payne and Walter F. Eigenbrod, all of Huntsville, for appellees.

STAKELY, Justice.

This appeal is from a final decree of the equity court avoiding the forfeiture of a lease of real estate and enjoining the landlord from instituting a suit in unlawful detainer against the tenant for recovery of the premises. The bill was filed by J. D. Humphrey, Jr., individually and as trustee for his three sisters, against Addie Webb Humphrey. The real estate leased by Addie Webb Humphrey to the complainant and his sisters is located in Huntsville, Alabama. The lease was made and entered into on May 1, 1944 for a term of ten years and provided for payment of a monthly rent of $275 on the last day of

each month respectively. The lease contains a provision that "for any violation of the terms of this lease the lessor may immediately terminate this lease and immediately take possession of the premises." The case was tried orally before the court.

When the bill was filed the court made an order granting a temporary injunction upon bond being made as provided by the court. There was motion to discharge the injunction "for that the complainant has not included in the original bill a prayer for process to issue against the said respondent, as required by Equity Rule 11, Title 7, Code of 1940." The original bill in this respect reads as follows: "that respondent, Addie Webb Humphrey, be made party defendant to the foregoing bill." The complainant amended the original bill by amending the prayer thereof so as to read, "that respondent, Addie Webb Humphrey, be made party defendant to the foregoing bill and to that end that all needful process of this court issue to her. * * *." The court thereafter overruled the motion to discharge. In this ruling there was no error. The only object of Equity Rule 11, which appears in Title 7, Code of 1940, p. 1050, is to designate those persons named in the stating part of the bill against whom relief is sought in the bill. It so happens that in the present instance there is only one respondent, viz. Addie Webb Humphrey, named in the prayer of the original bill and she alone is prayed to be made party respondent to the foregoing bill. So there can be no doubt as to whom process is to issue. Since the summons was issued by the register on the bill to Addie Webb Humphrey, she was properly made a respondent thereto. McKenzie v. Baldridge, 49 Ala. 564; Reid v. Williams, 250 Ala. 602, 35 So.2d 496; Jackson v. Putman, 180 Ala. 39, 60 So. 61; Julian v. Woolbert, 202 Ala. 530, 81 So. 32. Furthermore we think that even if the bill be regarded as defective within this rule, the irregularity is such that the court would order the injunction to be discharged unless a sufficient amendment be made within a time fixed by the court. Woodward v. State, 173 Ala. 7, 55 So. 506. In this case such amendment was filed before the hearing on the motion to discharge.

The complainant entered possession of the leased premises under the lease and has held continuous occupancy thereunder since the date of the lease, operating a drug store in the part of the premises known as 119 Washington Street and during such period sublet for doctors' offices the upstairs portion of No. 119 and Nos. 115 and 117 Washington Street.

On the last day of September, 1949, complainant failed to pay to the respondent rent for the month of September 1949. On October 3, 1949 the respondent gave complainant notice that in consequence of default in the payment of such rent in accordance with the terms of the lease, she had elected to terminate the lease and demanded possession of the premises. On that date complainant mailed the respondent a check for the rent due for September. On October 5, 1949 the respondent returned the check to complainant. On October 6, 1949 complainant tendered to the respondent $275 in lawful currency of the United States in payment of the September 1949 rent. The respondent refused the tender. On October 14, 1949 the respondent made a written demand for immediate possession of the leased premises. The demand stated that in consequence of the default of complainant to pay the rent due on the last day of September 1949 the respondent had elected to terminate the lease. On October 21, 1949 the present suit was instituted and the preliminary injunction granted.

Tendencies of the evidence also showed the following. The complainant had spent substantial sums of money in maintaining the interior of the leased premises including both the portion of premises occupied by the drug store and the portion of the premises subleased to the doctors. Complainant has carried continuously during the lease in the leased premises a large and valuable stock of drugs and sundries for sale and has used a large amount of valuable fixtures and equipment in the operation of the drug business. There is no building in Huntsville, Alabama, for rent

to which the complainant might remove his drug business and there conduct the same and there is no office space available in Huntsville for complainant's lessee doctors where such doctors could be in close proximity to complainant's drug business and where they now have their prescriptions filled.

Prior to the last day of September 1949 respondent accepted without objection or protest 64 rent checks for the first 64 months of the lease, only 9 of these checks having been mailed or otherwise delivered on the last day of the month. The remainder of these checks were mailed or otherwise delivered from 1 day to 13 days after the last day of the month. On August 10, 1949 respondent went to the complainant at his place of business and stated to him that she appreciated his making her deposits for her of the rent since she had not been well but she was now able to be up and out and to look after her affairs. The evidence is in conflict as to her exact words in this conversation, the complainant offering testimony that all the respondent said was that she was going back to Arizona to spend the winter, that she did not want the complainant to deposit any more money in the bank for her, but that she wanted the check mailed to her on the last day of the month. According to the respondent she stated that she wanted complainant to pay her the rent for the drug store on the day that it was due according to the terms of the lease and to pay it by check. There was proof tending to show that the respondent admitted she wanted a new lease contract with increase in rent. Respondent made no denial that she had made this admission. There was proof tending to show that complainant would be irreparably damaged if he were forced to give up the leased premises or attempt to operate the drug business in some other location.

It is settled that only courts of equity have jurisdiction to relieve against forfeitures. Coley v. W. P. Brown & Sons Lumber Co., 251 Ala. 235, 37 So.2d 125; Barry v. Welch, 248 Ala. 167, 26 So.2d 872. Forfeitures are not favored in equity and unless the penalty is fairly proportionate to damages suffered by the breach, re-

lief will be granted when the court can give by way of compensation all that can reasonably be expected. Dean v. Coosa County Lumber Co., 232 Ala. 177, 167 So. 566; Barry v. Welch, supra. The underlying principle is that a court of equity is a court of conscience and nothing will be permitted within its jurisdiction which is unconscionable. So a person, although having a legal right, will not be permitted to avail himself of that right for the purpose of injury or oppression. 16 A.L.R. p. 437.

Equity will relieve against the forfeiture for the nonpayment of rent, since in equity the covenant for the forfeiture on nonpayment of rent is regarded as a mere security and the forfeiture for that reason will be relieved against upon payment of the rent due and such damages as the lessor may have sustained. Abrams v. Watson et al., 59 Ala. 524; Cesar et al. v. Virgin, 207 Ala. 148, 92 So. 406; City Garage & Sales Co. v. Ballenger, 214 Ala. 516, 108 So. 257; Cedrom Coal Co. v. Moss et al., 230 Ala. 32, 159 So. 225. It is further true that when a landlord by a course of dealing in accepting overdue rent has put a tenant off his guard, a forfeiture of the lease for a delayed payment of rent cannot be enforced, unless notice has been given to the tenant to comply with the strict terms of the lease. Equity will relieve against the forfeiture and especially is this true if it appears that the tenant has acted in good faith and has promptly paid the rent when demanded or before the landlord suffers loss or inconvenience from delinquency. Farmer v. Pitts, 108 Neb. 9, 187 Neb. 95, 24 A.L.R. 719; 16 A.L.R. 443; 51 C.J.S., Landlord and Tenant, § 117, p. 709.

We think, as found by the trial court in its well considered opinion, that to permit a forfeiture to be declared in this case would be unjust and inequitable and unconscionable and that the court acted correctly in voiding the forfeiture which had been declared by the respondent. It appears that not only the September 1949 rent has been paid into court but all rent subsequently accruing under the lease has been paid into court under order of the court. This rent will, of course, be paid

over to the respondent, which we think will do full justice in the case.

Affirmed.

BROWN, FOSTER, LIVINGSTON, LAWSON and SIMPSON, JJ., concur.