154 So.2d 1

RAYMOND W. STREMMING, INC.

v.

May Potts NIX et al.

5 Div. 766.

Supreme Court of Alabama.

May 30, 1963.

Geo. I. Case, Jr.; McGowen & McGowen, Birmingham, and G. C. Walker, Clanton, for appellant.

Howard & Dunn and Jones & Macon, Wetumpka, for appellees.

MERRILL, Justice.

Appeal from a final decree denying the relief sought by complainant and dismissing its bill of complaint which sought to set aside a forfeiture of a lease dated September 1, 1953.

The property, a lumber mill site, was leased for $900 per year, payable $75 monthly in advance, with the right and option to renew from year to year for a period of not exceeding fifty years. Practically all improvements were on the leased premises when the lease was executed. The lease provided, in section 4, that:

"In the event that Lessee should fail to pay any monthly payment on said rent, and said payment should remain in default for a period of thirty (30) days, then in such event, said Lessors, at their option and their option alone, shall have the right and privilege of declaring this lease null and void, and shall have the right, at their option and their option alone, of immediate possession of said premises leased herein."

Appellant sub-leased the property to a corporation which was forced into bankruptcy. The leased property was not used except for storage from April, 1958, to March, 1959. The rent for June, July and August, 1957, was paid on September 6; the rent for September and October was paid November 12; the rent for March and April, 1958, was paid on April 8, and the rents for September and October were paid on October 10.

On January 8, 1959, the rents being unpaid for November and December, 1958, appellees notified appellant that they had elected to declare the lease terminated for failure to pay the rent as provided in the lease. Appellant sent a check for all back rent due but its check was refused and returned.

On February 13, 1959, appellees notified appellant to deliver possession to them. Appellant's president requested appellees to purchase certain roofing and building materials which appellant had purchased to repair one of the rented buildings but had not yet used. Appellant asked and

appellees paid $1,241.52 for the materials and, thereupon, appellant delivered possession to appellees on March 23, 1959. Shortly thereafter, appellant instructed the county tax officials to drop from its tax assessment improvements on the leased premises which it was required to assess under the lease.

On March 27, 1959, appellees leased the same property to Thomas Veneer Co. for $200 per month, beginning May 1, 1959, and appellant had knowledge of this lease. Nearly two years later, this suit was filed on April 8, 1961.

The trial court filed a written opinion, a part of which reads:

"The Court further finds that complainant surrendered the leased premises to the Lessors, as demanded, and failed to remove any buildings or improvements from the leased premises and did, on March 23, 1959, sell to the respondents certain roofing and other material which complainant had on hand for the repair of some of the buildings for the sum of $1241.52 and complainant, upon the sale, informed the respondents that he was, at that time, ready and willing to surrender and did surrender the possession of the leased premises.

"The Court is of the opinion that there was no fraud, accident or mistake involved in the transaction between the complainant and respondents and that they were all experienced in business and knew the effect of their contract and they contracted as set forth in the lease, and the Court is unable to find any evidence to show any unfair advantage taken by the respondents as against the complainant. The burden of proof being upon the complainant, the Court is of the opinion that the complainant has not reasonably satisfied the Court that the forfeiture should be set aside. There is no evidence in this case of any improvements being made on the leased premises by the complainant subsequent to September 1st, 1953. There is no evidence or testimony as to what it would cost to dismantle and remove the improvements off of the leased premises and no testimony or evidence which would show the value of the material composing the buildings, should the same be dismantled or removed from the leased premises."

This finding demonstrates that the unjust and inequitable features that were present in Humphrey v. Humphrey, 254 Ala. 395, 48 So.2d 424, and cases there cited, which are relied upon by appellant, are not present here.

The evidence supports the finding of the trial court, that there was a forfeiture of the lease in accordance with its provisions, that there was a fair and voluntary surrender of the leased premises to the lessors and an absence of proof justifying the setting aside of the forfeiture, and its decree will not be overturned unless plainly in error.

Much of appellant's argument is devoted to the finding of the trial court that appellees' plea "A" (as part of their answer) was a good defense. This part of the answer set up estoppel on the ground that appellant had voluntarily abandoned the lease and the property upon the purchase by appellees of the unused building materials, and then waited two years before filing suit to avoid the forfeiture.

It is not necessary that we decide the question of estoppel because, as already stated, the evidence supported the finding of the court quoted supra.

We find no reversible error in the decree of the trial court as challenged by the argued assignments of error.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.