321 So.2d 696

**James PAVLISTA and Frances Pavlista**

**v.**

**Edith Leona B. PAVLISTA, and Theodore Pavlista.**

**Civ. 646.**

Court of Civil Appeals of Alabama.

Nov. 12, 1975.

Bailey, Taylor & Benton, Fairhope, for appellants.

Brantley & Nesbit, Robertsdale, for appellees.

WRIGHT, Presiding Judge.

This is an appeal from a judgment reforming a deed.

Edith Pavlista sued Theodore Pavlista for divorce. She subsequently brought a separate action against the parents of Theodore to require satisfaction of a mortgage. The parents, James and Frances Pavlista filed a cross-claim for cancellation of a deed. Theodore intervened in the latter suit, requesting reformation of the deed and vesting title in himself. The court, upon motion, consolidated the actions for divorce with the actions on the mortgage and deed. Testimony on each action was heard orally by the court and a consolidated judgment was rendered. The judgment

granted Edith a divorce with alimony in gross and effected a property settlement. It further denied cancellation of the deed but ordered reformation thereof by adding Theodore as a joint grantee with Edith. James and Frances Pavlista appeal from that part of the judgment denying their request for cancellation of the deed. There is no appeal by either Edith or Theodore.

The only issue presented by the appeal is whether the trial court erred in denying cancellation to the cross-plaintiffs Pavlista. We find no error and affirm.

The testimony revealed the following: Edith and Theodore purchased ten acres of land from James and Frances Pavlista shortly after their marriage in 1969. Title was taken jointly. In 1973, after discussion, largely between Edith and the parents of Theodore, a second ten acres was conveyed by the parents for a price of $3,000.00. A deed was executed to Edith by the Pavlistas in the office of an attorney and a mortgage was taken from her for the purchase price. Payments were in the amount of $50.00 per month. The deed and mortgage were duly recorded. Payments were made from the joint checking account of Edith and Theodore for 18 months, totaling $900.00. Trouble began between Edith and Theodore in October of 1974, and suit for divorce was filed in December, 1974.

The elder Pavlistas stated they executed the deed intending to convey title to Theodore and Edith jointly. James Pavlista stated he did not read the deed when he signed, and his wife could not read. He claimed Edith had the deed prepared for his signature and that he had never seen the mortgage.

Edith Pavlista denied preparing the deed, stating that it was prepared by an attorney at the request of James Pavlista. She further stated that James Pavlista requested the mortgage and had agreed that title be taken by her alone. Theodore testified that it was the agreement of all that

title be taken jointly and that all payments had been made from his funds.

The trial judge found as fact from the evidence that James and Frances Pavlista intended that the conveyance be made jointly to Theodore and Edith. It also found that the absence of Theodore as a grantee was due to the fraud and deceit of Edith in the procuring of the deed. There is no challenge to this finding of fact by the court. Having found the presence of fraud, the court ordered the intention of the parties carried out by reformation rather than cancelling the deed.

James and Frances Pavlista charge that having determined that fraud was used in procuring the deed, reformation was error as a matter of law.

It is well established that relief by way of cancellation is a matter within the sound discretion of the trial court and is granted or withheld according to what is reasonable and proper in each case. 13 Am.Jr.2d, Cancellation of Instruments, § 4. A court of equity has the power to mold its decree to meet the equities developed at trial. It will not, in the name of equity, grant relief which is inequitable and unwise. *BBC Investment Company v. Ginsberg,* 280 Ala. 148, 190 So.2d 702.

Although recission is one of the equitable remedies available to the court on a showing of fraud, reformation is also proper. See Title 9, Section 59, *Code of Alabama (1940).* We feel that the evidence supports the court's ruling granting reformation.

The judge's finding that James and Frances Pavlista intended to convey the land to both Theodore and Edith is amply supported by the evidence, including the testimony of the grantors. Monthly payments on the land were made from the joint checking account of Theodore or Edith Pavlista. Until marital problems developed all parties concerned traveled under the impression that Theodore and Edith

were the owners. Reformation merely imposed upon the parties their admitted intent, an intent supported by their conduct thereafter.

In addition to the admitted intent of the parties, the trial court was also concerned with the rights of Theodore Pavlista, a third party as far as the original deed was concerned. His earnings were the source of the money used to pay for the property. By reforming the deed to include his name as grantee, the court preserved his interest in the land. Allowing James and Frances Pavlista to rescind this deed, after accepting payments for 18 months, would have eliminated Theodore Pavlista's interest in the property. The trial court could, within its discretion, deem such a result inequitable and unwise. *Ginsberg, supra.* No injury results to appellants as the court only placed in effect the original intent of all parties.

Affirmed.

BRADLEY and HOLMES, JJ., concur.