All the parties have appealed from a judgment the Madison County Circuit Court rendered in two actions which had been consolidated for trial. We modify and affirm as modified.
The first action arose when Tri-Wood Realty, Inc., the owner and lessor of three apartment buildings sought a declaratory judgment that its lessee, Pro Par, Inc. and Barbara Kennedy, individually, had not fulfilled the terms of a long-term lease. Tri-Wood sought cancellation of the lease and certain money damages, contending, inter alia, that Pro Par had wasted the leased premises by failing to repair them and that Pro Par had failed to pay rent, liquidated damages and insurance in a timely fashion. Pro Par and Kennedy counterclaimed *Page 299 
against Tri-Wood alleging malicious harassment and seeking injunctive relief and damages.
The second action was brought by Pro Par and Kennedy against Fontainbleu Terrace, Inc., alleging, in essence, the same claims that they had asserted in the Tri-Wood counterclaims; whereupon Fontainbleu asserted a counterclaim alleging a default similar to the allegations in the Tri-Wood complaint. By virtue of the counterclaims in each case, both cases assumed identical stances in all material respects and they were consolidated for an ore tenus trial.
In both of these cases, Tri-Wood and Fontainbleu Terrace are controlled by Mr. Louis Litoff and these companies own apartments in Decatur and Huntsville, respectively. Pro Par and Kennedy entered into long-term leases with these companies whereby Pro Par became the lessee and undertook to maintain, manage and generally operate the apartments.
The trial court found that Pro Par was in substantial compliance with the terms of the leases and therefore denied the default and forfeiture request of Tri-Wood and Fontainbleu. The trial court further determined that based upon a physical inspection of both the leased premises and comparable properties, there was no waste and the properties were maintained and repaired in a commercially reasonable manner.
The court denied all of Pro Par's requests for monetary damages and issued a mandatory injunction directing that all future business contacts be conducted in good faith and at reasonable times. With regard to Tri-Wood's and Fontainbleu's claims for monetary damages, the trial court awarded
 1) $120.00 to Tri-Wood and Fontainbleu as liquidated damages for late rent payments;
2) $3,231.49 to Tri-Wood for late insurance payments;
 3) $15,495.00 to Tri-Wood for paving paid by Tri-Wood, stayed for one year from entry of judgment; and
 4) interest on item 1 at 10% and interest on items 2 and 3 at 6%.
All parties have appealed from this order.
Tri-Wood, Fontainbleu and Litoff contend that the trial court erred in refusing to cancel Pro Par's leases and further, that interest on items 2 and 3 above should be 10%, as provided by the leases, instead of 6%. They also contend that the court erred in staying the $15,495 judgment for one year and that $3800 instead of $3200 should have been awarded.
Pro Par and Kennedy assert that the trial court's award of $15,495 is inconsistent with its specific findings of fact and that the trial court misconstrued a lease provision in awarding Tri-Wood $3,231.49. Pro Par and Kennedy also maintain that the trial court erred in awarding $120.00 liquidated damages for late rent payments because each of the alleged late payments was tendered in a manner that substantially complied with the lease.
We will address the parties' contentions on each issue individually.
 I
We agree with the trial court that Pro Par's performance in respect to its obligation under the leases was not so egregious as to entitle Tri-Wood and Fontainbleu to a cancellation of the leases. It has long been the law in Alabama that forfeitures are not favored in the courts. In Humphrey v. Humphrey,254 Ala. 395, 48 So.2d 424 (1950), this court stated:
 Forfeitures are not favored in equity and unless the penalty is fairly proportionate to damages suffered by the breach, relief will be granted when the court can give by way of compensation all that can reasonably be expected. The underlying principle is that a court of equity is a court of conscience and nothing will be permitted within its jurisdiction which is unconscionable. So a person, although having a legal right, will not be permitted to avail himself of that right for the purpose of injury or oppression.
 Equity will relieve against the forfeiture for the nonpayment of rent, since in *Page 300 
equity the covenant for the forfeiture on nonpayment of rent is regarded as a mere security and the forfeiture for that reason will be relieved against upon payment of the rent due and such damages as the lessor may have sustained. [Citations omitted.]
254 Ala. at 399, 48 So.2d at 427.
An examination of the record reveals ample support for the trial court's findings that Pro Par had maintained both apartment complexes in a manner consistent with the reasonable expectations of the parties and therefore, the judgment of the trial court that neither Tri-Wood nor Fontainbleu was entitled to a cancellation of the lease was not an abuse of discretion. Cancellation of instruments is committed to the discretion of the trial court and its determination is dependent upon the facts and circumstances of each case. Pavlista v. Pavlista,56 Ala. App. 356, 321 So.2d 696 (1975).
 II
The trial court ordered Pro Par to pay Tri-Wood approximately $15,000 for the repaving of a parking lot. The trial court found that although Tri-Wood acted "precipitously" in having a parking lot at one of the apartment buildings repaved, Pro Par would be unjustly enriched if it were allowed to retain the benefit.
The parking lot would have to be repaved in the near future anyway and the projected life of the repaved parking lot approximated the remaining term of the lease. Therefore, the trial judge entered a judgment for Tri-Wood for the amount of the repaving, but execution on the judgment was suspended for one year to allow Pro Par to secure financing.
Contrary to Pro Par's assertions, the judgment of the trial court is entirely consistent with its findings. To allow Pro Par to receive $15,000 worth of paving which would have to be done anyway and not to pay for it would, in our opinion, constitute unjust enrichment. The trial court's action in allowing Pro Par one year to pay the $15,000 was, in effect, a penalty exacted against Tri-Wood for acting "precipitously." The trial court's inherent discretion in molding its decree to respond to the equities developed at the trial has not been abused in this regard. Pavlista, supra.
The trial court, having determined that Tri-Wood acted hastily in having the parking lot repaved, also ordered that the interest due on the amount spent repaving the parking lot should be reduced from 10% to 6%. We disagree.
We do not believe that the trial court was justified in ordering that interest at 6% be paid on the amount due Tri-Wood. The lease made the basis of this action expressly provides for this contingency, and to paraphrase the terms of the lease, the lessee (Pro Par) is obligated to keep the leased premises in good repair; upon the failure of the lessee to maintain the premises in good repair, the landlord (Tri-Wood) may, at its option, make the repairs. The landlord, upon making such repairs, is entitled to recover, as additional rent, any sums thus expended with interest thereon at the rate of ten per cent.
The trial court adequately adjusted the equities by allowing Pro Par one year to pay the amount due for the repaving. It is our considered judgment that the interest rendered on this amount should be 10% pursuant to the terms of the lease.
 III
Having carefully considered each party's contentions concerning the trial court's disposition of the liquidated damages award to Tri-Wood and Fontainbleu for Pro Par's late rental payments, we agree with the conclusion of the trial court. The lease provided that the rent was due by 2:00 P.M. on the tenth of each month and there was certainly sufficient evidence to support the trial court's finding that time was of the essence. The evidence showed that if the rent was not received in a timely manner, then Mr. Litoff had to make other financing arrangements to cover his mortgage payments on these properties. Thus, the trial court was certainly justified in finding that what Pro Par submits was *Page 301 
substantial compliance was not adequate, and that therefore, Pro Par did owe the liquidated damages.
 IV
The final issue concerns the trial court's award of $3,231.49 at 6% interest to Tri-Wood. Tri-Wood contends that the trial court omitted a $600.00 tax penalty which should have been included in the award and that the interest should be computed at 10%. Pro Par contends that the trial court erred in its construction of the lease provision pertaining to this point and that nothing was due Tri-Wood under the lease.
The operative lease provision provides in pertinent part:
 Tenant shall pay with each monthly payment of rent as additional rental an amount equal to one-twelfth (1/12) of the estimated annual real and personal property taxes based on the most current assessment of the Premises, plus one-twelfth (1/12) of the annual estimated fire and extended coverage insurance premiums.
* * * * * *
 Tenant shall pay and [sic] and all taxes . . . and any and all other sums which may become due by reason of any default of Tenant hereunder, together with every fine, penalty, interest and cost which may be added for non-payment or late payment thereof . . .
The findings of the trial court in this regard are set out below:
 Regarding the claim of $3,231.49, for past due insurance the court considers that claim to be well taken. Regarding the claim for $600.00, as past due taxes, the court having determined that said sum was a penalty assessed against prior owners, further determines that sum is not due to be paid by the defendants in this case.
The trial court, on the motion of Tri-Wood, amended its judgment in this regard to provide:
 1. That under the lease dated as of August 7, 1972, wherein the plaintiff, Tri-Wood Realty, Inc., leased to the defendant, Pro Par, Inc., certain real estate located in Decatur, Morgan County, Alabama, that the defendant, Pro Par, Inc., as Lessee, in satisfaction of its obligation to pay ad valorem taxes and casualty insurance is required to pay the amount of monthly tax escrow required by mortgagee of the property, The Jacksonville National Bank of Jacksonville, Florida.
 2. That the Lessor, Tri-Wood Realty, Inc., shall advise the Lessee, Pro Par, Inc., of the amount of monthly escrow required by the Jacksonville National Bank, and will keep the Lessee advised of all changes in the monthly deposits required.
 3. The Lessee, Pro Par, Inc., shall be entitled to all credits which shall arise in the escrow accounts with the Jacksonville National Bank and upon refund of any payments made by this bank to the Lessor, Lessor shall immediately remit such sums to the Lessee.
 4. The Lessee, Pro Par, Inc., shall be entitled to request information directly from the Jacksonville National Bank concerning the status of the escrow account.
Clearly, the trial judge was correct in ruling that Pro Par was not required to pay Tri-Wood the $600.00 tax penalty since it is undisputed that this penalty was imposed on Tri-Wood's predecessor. Absent an express contract provision, Pro Par cannot be liable for any tax penalty accruing prior to the operative date of the lease. We note that the lease itself excludes that possibility, for it provides that Pro Par agrees to pay such sums as become due "by reason of any default . . . hereunder," referring to the lease.
The dispute concerning the $3,231.49 for insurance apparently relates back to when Mr. Litoff assumed the current mortgage on the Tri-Wood property. Although it is not completely clear from this record, the previous owner evidently exhausted the escrow account for the prepaid insurance and collected a refund. Thereafter, the escrow fund was re-established with the insurance premiums paid for one year in advance. *Page 302 
The record seems to indicate that after a couple of years, Pro Par discovered what it considered an overpayment and deducted that amount from a rent check remitted to Mr. Litoff. It is that unilateral deduction which comprises the sum in question. We find that the trial court's determination in this regard comports with the lease's provision that the lease be "construed to carry out the intentions of the parties hereto."
Section 3.06 of the lease provides in pertinent part that:
 This lease is, and is intended to be, a net lease to the landlord whose sole obligation with respect to any expenditures . . . shall be limited to . . . the payments for the fire, casualty and liability premium for the Premises and payment for the ad valorem tax. The payments for the insurance premium and ad valorem tax are to be paid from the amounts paid by the Tenant to the landlord to cover said expenditures.
The trial court could have determined that this $3,231.49 was not an overpayment as contended by Pro Par, but a pre-payment, necessary to the continued operation of the mortgage. Although this particular finding is not set out in haec verba in the final judgment, there is evidence to that effect in the record and this Court may presume that such a finding was, in fact, made. Acker v. Protective Life Ins. Co., 353 So.2d 1150 (Ala. 1977). The additional portion of the trial court's judgment relating to the credits in the escrow account being refunded to Pro Par supports that conclusion.
However, for the reasons previously noted, the trial court's judgment should be modified to allow interest at 10% instead of 6%. The lease not only refers to 10% interest, but it also proscribes the tenant from setting off any alleged claims against the landlord.
We have reviewed the entire record and we are of the opinion that the judgment from which these appeals have arisen is due to be affirmed as modified. The trial court, in its decree has attempted to resolve a very acrimonious dispute with due regard to the lease's provisions and the parties' respective interpretations thereof. It is our judgment that the trial court succeeded, except as noted and, accordingly, the judgment of the trial court is due to be and is hereby affirmed as modified.
AFFIRMED AS MODIFIED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.