I write separately to expand briefly upon the concluding paragraph of the opinion. The central thrust of the opinion is to the effect that the absence of any contractual provision with respect to the Holmans' right of possession before "closing," coupled with their course of conduct, bars their claim for fraud. But this holding is not to be construed as validating, for other purposes, the contract and its enforceability. Indeed, the contract is a "model" of ambiguity. It not only fails to specify a date of closing, but also fails to condition closing upon the sale of the Holmans' home. The $7,000.00 down payment and the additional monthly payments on the Mintons' mortgage (which prevented foreclosure) are highly suspect as being ineligible for forfeiture, particularly in light of the Holmans' non-possession of the Mintons' property.See Humphrey v. Humphrey, et al., 254 Ala. 395, 48 So.2d 424
(1950). I make these observations in the abundance of caution so as not to mislead the trial court in its further determination of the issues still pending in this cause — the counterclaim and the interpleader action.