JONES, Justice.
Appellant Jerry Taylor challenges an adverse judgment of the trial court on his claim seeking equitable relief from the forfeiture provision of a real estate lease.[1]
In December 1982 and January 1983, Annie C. Jones, as owner, negotiated with Taylor and David Starkey, as potential purchasers, for the sale of her restaurant business. Taylor discussed the idea with his lawyer, who suggested a lease-purchase agreement. On February 1, 1983, the parties executed a “lease” and a “contract.” Jones also executed an “Authorization to Honor and Issue Checks Drawn on Controlled Account, ” dated January 31, 1983, to the North Jackson Bank of Stevenson, and on the same day an “Authorization to Draw Checks on Bank Account” to the First American Federal Savings and Loan Association of Scottsboro. Taylor and Starkey paid Jones $5,000 earnest money on January 29, and then pursuant to the terms of, and concurrent with, the execution of the lease, paid $20,000 on February 1.
Under the terms of the lease, the partnership of Taylor and Starkey was to make monthly payments of $1106.21 beginning February 1, 1983, and continuing on the first day of each month, with a 15-day grace period, for a total of 93 months, and thereafter was to make payments of $822.06 per month for 65 months. All payments were to be made by the partnership to North Jackson Bank. First American Federal was then to draw a check for $711.50 each month for 157 months on North Jackson Bank, in satisfaction of the first mortgage which it held on the property. North Jackson Bank was also to pay $284.15 each month for 93 months to R.W. Russum, in satisfaction of the second mortgage which he held, and $110.56 each month for 13 years to Jones. The monthly rental payment by Starkey and Taylor to Jones would decrease to $822.06 after 93 *1282 payments because the Russum mortgage would be paid off.
The lease also provided that Taylor and Starkey were to pay the ad valorem taxes on the “leased” premises; that time was “of the essence” of the contract; that if Taylor and Starkey defaulted, the money paid by them would be treated as liquidated damages and the contract would be of no further force or effect; and that any party in default would pay all enforcement costs, including reasonable attorney’s fees.
In September or October of 1983, problems developed between Taylor and Starkey. The March 1984 lease payment was not made on time, but was paid on March 26, after Jones called Starkey. The 1983 ad valorem taxes were not paid on time, but were paid after Jones contacted Taylor’s attorney. April 15, the last day of the grace period for the April 1984 lease payment, was a Sunday. Jones did not extend the grace period, but on Monday, April 16, 1984, Jones gave notice by letter that the lease was in default and declared it “null and void.” She re-entered the premises, demanded the return of fixtures removed from the premises, demanded the return of the premises to their original condition, and declared that there were no redemption rights under the lease.
The trial judge held an ore tenus hearing, after which he determined and ordered as follows:
“The lessees were delinquent in their rental payment for the month of March 1984, and a late payment was accepted by the lessor. The April payment was not made, and on May 2, 1984, Jerry Taylor, one of the lessees, filed this action, and paid into court the balance which would be due in the event he is allowed to exercise his option to purchase.
“The ad valorem taxes which were due and payable on October 31, 1983, were not timely paid by the lessees, and became delinquent after December 31, 1983.
“This court finds no substantial damage to the premises by the lessees.
“Where a covenant for forfeiture is a mere security for payment of the rent, equity does not favor such forfeitures. Tri-Wood Realty, Inc. v. Pro Par, Inc., 373 So.2d 297 (Ala.1979).
“Because of the two pre-existing mortgages the lessor had executed, the covenant for forfeiture for non-payment of rent here is more than mere security for the payment of the rent. It is obvious from the agreement of the parties and the arrangement made with the lessor’s bank that delinquent payments of rent by lessees would subject the lessor to rights of foreclosure and other rights of the mortgagees under those two mortgages to First Federal Savings and Loan Association and J.W. Russum.
“The covenant of forfeiture from which the lessee, Taylor, seeks relief was drafted by his attorney, and in two separate paragraphs of the lease the obligation to pay rent installments was specified to occur ‘... as they mature’ and ‘... as the same falls due ... ’.
“If the lease is forfeited, the lessees lose the sum of Twenty Five Thousand Dollars ($25,000) which was paid in advance, and all rental payments made during their occupation of the premises. The lease provides that the ‘restaurant business’ and the ‘good will of the said restaurant business’ were conveyed, at least in part, for that consideration.
“Equity has granted relief from forfeiture for non-payment of rent under leases in Alabama where the penalty under such forfeiture would not be fairly proportionate to the damages suffered as a result of the breach, or where the result of the forfeiture would be ‘unconscionable,’ or where the right to the forfeiture is exercised for the purpose of injury or oppression. Humphrey v. Humphrey, 254 Ala. 395, 48 So.2d 424 (1950); Tri-Wood Realty, Inc. v. Pro Par, Inc., supra.
“This court finds from the evidence that none of those circumstances requiring equitable relief [from] forfeiture exists in the present case. The lessees are *1283 not due equitable relief from the forfeiture invoked by the lessor.
[[Image here]]
“ACCORDINGLY IT IS ORDERED AND ADJUDGED;
“1. That the claims of the plaintiff, Jerry Taylor, against the defendant, Annie C. Jones, are denied, and judgment is rendered in favor of the defendant, Annie C. Jones, as to all claims in the complaint of Jerry Taylor against her;
“2. That the defendant, Annie C. Jones, recover under her counterclaim against Jerry Taylor and her cross-claim against David Starkey as follows:
“a. The lease between the parties which is attached as an exhibit to the complaint, and which was executed by the parties on or about February 1, 1983, is adjudged terminated and forfeited in favor of the lessor, Annie C. Jones, as of April 16, 1984;
“b. The attempted exercise of the option to purchase by the plaintiff, Jerry Taylor, is invalid and ineffectual, the lease having previously been validly terminated and forfeited, and the clerk of this court is directed to return to the said Jerry Taylor all sums heretofore paid into court by said plaintiff in the attempted exercise of his option to purchase;
“c. That the defendant, counter-claimant and cross-claimant, Annie C. Jones, have and recover of the plaintiff, Jerry Taylor, and the defendant, David Starkey, as liquidated damages under the subject lease, the sum of Twenty Five Thousand Dollars ($25,-000), which has heretofore been paid by the lessees to the said Annie C. Jones prior to and at execution of the lease;
“d. That judgment is rendered in favor of thé plaintiff, Jerry Taylor, and the defendant, David Starkey, on the claims of Annie C. Jones against them for further rent due under the lease, for recovery of personal property, for attorney’s fees, and for all other damages claimed under her counterclaim and cross-claim.”
As has been said many times before, a case tried ore tenus carries a strong presumption that the trial court’s findings of fact are correct. Those findings, if supported by any evidence, will not be disturbed on appeal unless they are clearly erroneous or palpably wrong. Our careful review of the record reveals ample evidence to support the trial court’s findings of fact. Furthermore, we hold that the law’s disfavor of covenants of forfeiture, which was recognized by the trial court, does not require a reversal under the instant facts. Therefore, the judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and ADAMS, JJ., concur.

. The judgment appealed from was made final pursuant to A.R.Civ.P. 54(b). Other claims among the several parties involved are still outstanding.