**BUTTREY v. BUTTREY.** (8 Div. 805.)

(Supreme Court of Alabama. March 18, 1926. Rehearing Denied April 22, 1926.)

**1. Appeal and error ⟷77(1)—Order denying increase in allowance for child of divorced parents held interlocutory and not appealable.**

Order denying increase in allowance for child of divorced parents *held* not final, but interlocutory, from which no appeal lies.

**2. Divorce ⟷309.**

Court is not bound by any strict rules of pleading or procedure in hearings to increase allowance for child of divorced parents.

**3. Divorce ⟷309, 312.**

Petition to increase allowance for child of divorced parents is addressed to sound discretion of court, which discretion is not subject to review in absence of abuse.

**4. Divorce ⟷309—Court, in considering increase in allowance for child of divorced parents, should consider probable future needs of child and defendant's financial ability to pay.**

In determining whether allowance for child of divorced parents should be increased, court should consider probable future needs of child and defendant's financial ability to pay.

―――――――――――――――――――――――――――――――――――

⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Divorce** ⊚⇒**309—Modification · of order of allowance for child of divorced parents depends on change of circumstances.**

Modification of order granting an allowance for child of divorced parents depends on change of circumstances, and not mere lapse of time.

**6. Divorce** ⊚⇒**309—Short length of time from · rendition of final decree of divorce to petition for increase in allowance for child may be considered in determining whether chancellor abused discretion in denying petition without formal hearing.**

Short length of time from rendition of final decree of divorce to petition for increase ·in allowance for child is proper to be considered in determining whether chancellor abused discretion in denying petition without setting same down · for formal hearing and proof.

**7. Divorce** ⊚⇒**312—Chancellor's action is presumed correct in denying petition for increase in allowance for child of divorced parents, in absence of record.**

Reviewing tribunal will indulge favorable presumption as to action of chancellor in denying petition for increase in allowance for child of divorced parents, where record is not before it.

**8. Divorce** ⊚⇒**309—Chancellor held not shown to have abused discretion in denying petition for increase in allowance of child of divorced parents.**

Abuse of discretion by chancellor in denying petition for increase in allowance of child of divorced parents, without setting same down for formal hearing and proof, *held* not made to appear.

Appeal from Circuit Court, Morgan County; J. E. Horton, Judge.

Suit in equity by Mary E. Buttrey against John A. Buttrey. From a decree denying complainant's petition for increased allowance as maintenance for a child, complainant appeals and applies for alternative writ of mandamus. Appeal dismissed; mandamus denied.

E. W. Godbey, of Decatur, for appellant.

The changed circumstances required the court to order an investigation of the necessities of the infant, to the end that orders for further allowance, commensurate with her necessities, be made. 19 C. J. 359; 7 Stand. Ency. Proc. 856; 2 Nelson, Div. & Sep. 956; Campbell v. Campbell, 37 Wis. 206; Barrere v. Barrere, 4 Johns. Ch. (N. Y.) 187; Spain v. Spain, 158 N. W. 529, 177 Iowa, 249, L. R. A. 1917D, 319, Ann. Cas. 1918E, 1225; Gibson v. Gibson, 51 P. 1041, 18 Wash. 489, 40 L. R. A. 587; Toncray v. Toncray, 131 S. W. 977, 123 Tenn. 476, 34 L. R. A. (N. S.) 1106, Ann. Cas. 1912C, 284; Sandall v. Sandall, 193 P. 1093, 57 Utah, 150, 15 A. L. R. 620; Rogers v. Rogers, 143 P. 410, 93 Kan. 114, L. R. A. 1915A, 1137.

Eyster & Eyster, of Albany, for appellee.

The decree denying the petition was proper. Code 1923, § 7419; Chancery rules 95–97, Code 1923, vol. 4, p. 937.

GARDNER, J. On April 27, 1925, a final decree of divorce was rendered in favor of Mary E. Buttrey against her husband, John E. Buttrey, in which alimony was awarded, payable in a lump sum, and the custody of the foster child, Dorothy, legally adopted, awarded complainant with an allowance of $20 per month for her maintenance. The decree further stipulated that:

"Said order is subject to change or modification as the court may deem proper at any time in the future, and this cause is retained for the purpose of making any changes in the future as the court may deem proper."

On July 15, 1925, said complainant filed her petition in this cause seeking an increase in the allowance for the child, Dorothy, a copy of which was duly served upon the defendant John Buttrey. The petition refers to and makes a part thereof the records, proceedings, and decrees theretofore rendered in the cause, but only the original bill, note of testimony, and final divorce decree rendered are embodied in the record here presented. This petition was considered by the chancellor who had rendered the final decree, and an order entered denying the relief therein prayed for, and taxing petitioner with the costs. From this decree petitioner has prosecuted this appeal, and moves also for an alternative writ of mandamus in the event an appeal does not lie.

[1] The authorities vary as to the right of appeal from such order or petition for modification. Various appeal statutes are considered in 19 Corpus Juris, 360. Following by analogy the holding of this court in Hayes v. Hayes, 68 So. 351, 192 Ala. 280, we are of the opinion such an order does not constitute a final decree within the contemplation of our statute for appeals from final decrees. but is of an interlocutory character, from which no appeal is provided. The appeal therefore will be dismissed and the cause considered on the alternative motion for mandamus.

[2, 3] In hearings of this character it has been held, and we think properly so, that the court is not bound by any strict rules of pleading or procedure (Arne v. Holland, 89 N. W. 3, 85 Minn. 401; Morrill v. Morrill, 77 A. 1, 83 Conn. 479; 17 Corpus Juris, p. 359), and such ·a petition for modification is addressed to the sound discretion of the court. Authorities, supra. "The test to determine the validity of the court's order in such proceedings is, was there an abuse of discretion?" Arne v. Holland, supra.

[4] From the note of testimony in the original cause it would appear that much evidence was offered by the respective parties,

which it may be assumed embraced all phases of the case, including the question of maintenance of this adopted child and the proper amount to be awarded for such purpose. In determining this matter of course the court considered the probable future needs of the child and the defendant's financial ability to pay. All of this proof in the original cause the court had at hand, and doubtless retained in memory—the length of time from the rendition of the final decree being less than three months.

[5, 6] While it is true, as insisted by counsel for petitioner, that it is change of circumstances and not the mere lapse of time that determines the question of modification, yet the short length of time from the rendition of the final decree to presenting the petition is proper to be taken into consideration upon the matter of an abuse of discretion on the part of the chancellor in denying the petition without setting the same down for formal hearing and proof.

[7] The petition sets up that on account of the notoriety of the divorce proceedings it is desirable to send the child (now 13 years of age) to a school in another state, and shows also that the child has required medical attention to a limited degree since the final decree was rendered. But these are matters that the chancellor may have had in mind, or anticipated to a degree at least, in rendering the final decree, and his action in the premises would so indicate. His reasons therefor doubtless rested upon his knowledge of the record of the original cause, which is not before us, and the presumption must be indulged favorably to his action. 19 Corpus Juris, 361; Rietmann v. Rietmann, 183 S. W. 215, 168 Ky. 830.

[8] In any event, clearly an abuse of discretion is not made to appear.

It results that the appeal will be dismissed and the petition for writ of mandamus denied.

Appeal dismissed.

Writ of mandamus denied.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.