30 So.2d 446

## GULF, M. & O. R. R. v. BERMAN BROS. IRON & METAL CO.

### 6 Div. 441.

Supreme Court of Alabama.

May 8, 1947.

F. W. Davies, of Birmingham, for appellant.

162

Dan P. Barber, of Birmingham, for appellees.

LIVINGSTON, Justice.

This cause of action arose out of a written contract executed by the plaintiffs and the defendant on December 11, 1943. The contract will be set out in the report of the case.

The complaint, as last amended, consists of four counts.

Count one, as last amended, claims damages for a breach of the written contract, a copy of which contract is attached to and made a part of the count. In substance, it is averred in count one that, although plain-

tiffs have complied with all of the provisions of said contract on their part, defendant has refused upon demand therefor to deliver to plaintiffs certain named personal property which was included in said contract as a part of the property sold to the plaintiffs by the terms thereof, and that said personal property constituted and was a part or portion of the materials and property in said elevator building, in which said personal property the plaintiffs purchased from the defendant, and which defendant sold to the plaintiffs by the terms of the contract of purchase and sale as set forth in said contract. A list of the items of personal property alleged to have been included in the sale, but not delivered upon demand is also attached to and made a part of count one. The list includes: thirty-seven gallons of paint; one carload of approximately seven thousand feet tongue and groove lumber; forty rolls of roofing paper, twenty-five boxes of bolts, nuts and screws; ten kegs of nails; twenty-five power jacks; five rolls of wire; two hundred joints of sewerage pipe; forty crow bars; ten car spotters; ten thousand fabric bags; one second hand concrete mixer; one lot of office and lavatory fixtures and equipment; one thousand five hundred and sixty-five grain elevator doors; four second hand car unloaders; and one carload of coal of the weight of ninety thousand pounds.

Count two claims damages for the wrongful taking of the goods and chattels enumerated in count one.

Count three is for the conversion by the defendant of the same goods and chattels set out in count one, and avers that the conversion was accompanied by force and violence and claims punitive damages.

Count four is for the conversion of the goods and chattels set out in count one, but without force and violence.

Demurrers to the four counts as last amended were interposed by the defendant, and overruled by the trial court.

The cause was tried in the court below without the aid of a jury, and was submitted on testimony taken ore tenus before the trial judge. From a judgment for the plaintiffs in the sum of $1861.71, the defendant prosecutes this appeal.

The principal question litigated in the court below, and presented here for review, is whether the goods and chattels were included in the sale of property by the defendant to plaintiffs and covered by the written contract between them, and if so sold and included, were they ever delivered to the plaintiffs, or was delivery refused, and if they were delivered, were they later converted by the defendant to its own use.

The third paragraph of the written contract reads: "No railroad tracks are included in this sale, but the sale does include all motors, machinery, and other contents of the elevator building, and said adjoining buildings related to its operation."

Appellant first insists that the words "related to its operation" in the foregoing paragraph, modify the preceding words "and other contents." Appellees take the position that the words in question modify "buildings" as used in the phrase "adjoining buildings." As touching this question of construction, and others to be hereinafter noted, the trial court permitted appellees to introduce evidence of negotiations, conversations and a first or prior unsigned draft of the written contract showing corrections and interlineations made on the suggestions of one or the other of the parties. The prior unsigned draft of the contract was prepared by Mr. Ervin, appellant's vice-president. The only change in the final draft, as regards the question now under discussion, is that the word "said" is carried in the final draft preceding the words "adjoining buildings." In both drafts, in the preceding paragraph, the same words, "related to its operation" are to be found associated with and clearly modifying the words "adjoining buildings." In said preceding paragraph the contents of buildings are not involved and are not dealt with. The words in the preceding paragraph which make the matter clear are these, "All and singular the grain elevator and adjoining buildings related to its operation now located on Gulf, Mobile and Ohio Railroad Company's property," etc. The words just quoted from the preceding paragraph leave no doubt about the meaning of the phrase "related to its operation." These words follow and modify and have to do solely with the noun "buildings." The words in

question have the same meaning and are but a repetition of the same words with the same meaning as used in the preceding paragraph. The trial court held that the defendant sold to the plaintiffs the several buildings described, and in addition all motors, machinery and other contents of said buildings.

Appellant further insists that the phrase "and other contents," is to be construed in accordance with the maxim ejusdem generis, or in accordance with the broader maxim noscitur ex sociis. That under the influence of these maxims, the broad and general phrase "and other contents" should be held to include only such items of the same general kind and character as the specific items included in the prior specific words, "Motors and machinery."

■■ Both reason and authority are to the effect that these maxims are beneficial and valuable in certain cases in arriving at the intention of the parties in contracts where specific words are followed by broader and more general terms. See 19 Corpus Juris 1255; 28 C.J.S., p. 1049; 17 Corpus Juris Secundum, Contracts, § 313, p. 731; 12 Amer.Jur. 779, 780; State v. Western Union Tel. Co., 196 Ala. 570, 72 So. 99; North American Accident Ins. Co. v. Pitts. 213 Ala. 102, 104 So. 21, 40 A.L.R. 1171; Louis Pizitz Dry Goods Co. v. Fidelity & Deposit Co., 223 Ala. 385, 136 So. 800. But, as pointed out in 17 Corpus Juris Secundum, Contracts, § 313, at page 731, "Where, however, both general and special provisions may be given reasonable effect, both are to be retained." And it is clear enough that the maxims in question should never be used to violate or impinge upon what otherwise would appear to be the manifest intentions of the contracting parties. With reference to the phase of the case now being considered, we think the trial court was not in error in admitting evidence relating to the background of the transaction. That evidence was of value and probative force in determining the intentions of the parties as expressed in the words "and other contents."

■■ We are persuaded that under the circumstances and conditions of this particular sale, the maxims in question are not calculated to further justice or to shed any light on the meaning of the language used in the contract. The trial court found that the "seller was selling and the buyer was buying the buildings described and the contents thereof." However, the trial court did exclude from plaintiffs' claim a concrete mixer and a large number of wood grain doors which were not within said buildings. Under the prevailing presumption, we are not willing to disturb the finding of the lower court.

■ The trial judge in rendering judgment for the plaintiffs set forth the facts found by him on the testimony of witnesses taken ore tenus; but it would serve no good purpose to analyze the evidence here, and of course we are not required to do so. Section 66, Title 13, Code of 1940. Suffice it to say, we have carefully examined the evidence, and are in accord with the findings of the trial court.

■ Appellant insists that its demurrers to count one of the complaint should have been sustained. The substance of this count is set out above. It was not subject to any of the grounds of demurrer interposed, and was substantially in Code form.

We have examined each assignment of error grounded on the admission of testimony over appellant's timely objection,— assignments 11, 12, 13, 14, 18, 21, 22 and 23 involve evidence touching the background of the transaction. Under the circumstances of this case, we are clear to the conclusion that it was admissible.

■■ Appellant further insists that the trial court erred in holding that the carload of coal was included in the contract. The coal was stored in an open coal bin next to the boiler room. Here again, we are unwilling to say that the trial court was clearly wrong in its finding that the parties intended to and did include the coal as a part of the chattels sold. It follows that there was no error in allowing witness Berman to give his judgment as to the weight of the coal in the bin.

■ Appellant's assignment of error No. 20 is based on the action of the trial court in overruling its objection to the following question propounded to appellant's witness Adair on cross examination:

"What did Mr. Ervin say to you and what did you say to him concerning this property Mr. Berman was raising sand about?" The conversation inquired about took place at the time and place the chattels were being moved from the buildings by the servants or agents of the appellant. Berman was on or near the premises, and was protesting the removal. The evidence called for by the question was a part of the res gestae of the removal, and was legitimate cross examination.

Appellant's seventh assignment of error relates to the action of the trial court in overruling its motion for a new trial. There is nothing in the motion other than the questions disposed of above.

There is no error in the record, and the judgment is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.