34 So.2d 212

### HARDY v. HARDY.

5 Div. 440.

Supreme Court of Alabama.

Feb. 26, 1948.

298

J. B. Atkinson, of Clanton, for appellant.

A. B. Foshee, of Clanton, for appellee.

LIVINGSTON, Justice.

Appeal from a decree overruling demurrers to a petition or supplemental bill filed in the Circuit Court, in Equity, of Chilton County, Alabama, in the divorce proceedings of Mary Foshee Hardy versus Harris Hardy.

The petition or bill alleges:

"1. That petitioner, Harris Hardy, is thirty-seven years of age and a bona fide resident citizen of Clanton, Chilton County, Alabama, and that Mary Foshee Hardy, the original complainant, is thirty-three years of age and a bona fide resident citizen of Clanton, Chilton County, Alabama.

"2. That a decree of divorce was entered up on the 23rd day of January, 1945, in the above styled cause, a copy of which decree of divorce is attached hereto as exhibit 'A' and made a part hereof as if fully written herein, with leave of reference thereto as may be necessary; that (by) the terms of said decree the care, custody and control of Harris Hardy, Jr., was given Mary Foshee Hardy, and your petitioner was ordered to pay the sum of $40.00 per month, on the 5th day of each succeeding month for his support.

"3. That at the time of the entering up of said decree petitioner had a good job, in Birmingham, and was regularly employed and thereafter and for the past twenty months he has been in business for himself in Clanton, Alabama, operating the Hardy Feed Company. That said business was operated by him in West End Clanton, and in connection with said business he did feed crushing for the general public as well as for himself and he had the following machinery, to wit:

"Three crushers, two grist mills, one shuck and sheller, one baler, one feed mixer together with four gasoline engines or power units; and petitioner had in stock for the retail trade around four thousand ($4,000.00) dollars in feed. That all of said machinery and stock of goods, all of the aggregate value of about ten to twelve thousand dollars was totally destroyed by fire about 11 A.M. June 24, 1947.

"4. That petitioner had no insurance upon said machinery and stock of goods and that all of the same was a total loss to him and that all of his earnings and savings were invested in said business.

"5. That petitioner is now in the act of reestablishing his business and has had to buy machinery, equipment, and supplies on credit or otherwise and that he will not be able for several months to comply with the former order and decree of this court in the payment of support for his son, Harris Hardy, Jr.

"6. Petitioner avers that there has been a change in the conditions, position and

circumstances and ability of himself to pay the amount heretofore ordered paid by the court, and that he is unable now to pay the amount decreed to be paid, due to circumstances set forth above.

"7. Petitioner further avers that he has regularly paid up until the fire all amounts of support as ordered paid. That the care, custody and control of said child was given to complainant, Mary Foshee Hardy. That petitioner lives within two or three blocks of said child, where he stays in the home of his mother, and petitioner has lived within this distance for the past twenty months, where he has established a home for himself, having remarried and having no other children. That said child has stopped and visited with petitioner for a few minutes at the time at his place of business, in recent months, but he would not go with me to visit in my home.

"8. That petitioner has established a fit and suitable .home, where said child would be taken care of if permitted to visit him."

Petitioner prays "that upon a final hearing of said cause that the court will take into consideration the ability of petitioner to support said child and after a hearing of same that the court will reduce the payments to some amount that petitioner might be able to pay. Petitioner further prays that upon a final hearing of this cause that the court will give him the care, custody and control of Harris Hardy, Jr., or part of his care, custody and control"; and for general relief.

Appellant's demurrer, as does the argument in brief, takes the point that the events which are alleged to have occurred subsequent to the rendition of the divorce decree, and which now exist, are not sufficient upon which to predicate the relief prayed for; that it is not alleged that petitioner is a suitable person to have the care, custody and control, or a part thereof, of his son; that it is not alleged that the mother of the infant is an unsuitable person to have the care, custody and control of said minor child; and that it is not alleged that any change of custody would be to the best interest of the minor.

It is of course well settled in this jurisdiction that when a divorce decree embraces the subject of infants' maintenance or custody, the chancery court, without reservation of power, may on change of circumstances at any time thereafter modify its decree to meet changed conditions. Bridges v. Bridges, 227 Ala. 144, 148 So. 816. It was also held in the Bridges case that "any pleading which shows up on its face that the welfare of an infant requires an order in respect to its custody and support is sufficient."

It is equally well settled in this State that in proceedings involving the custody of children, mere legal niceties are not favored in proceedings or pleading, and the court is not bound by any strict rules of pleading, or procedure. Buttrey v. Buttrey, 214 Ala. 465, 108 So. 35; Murphree v. Hanson, 197 Ala. 246, 72 So. 437; Tillman v. Walters, 214 Ala. 71, 108 So. 62.

As said in Sparks v. Sparks, 249 Ala. 352, 31 So.2d 313: "The former decree is conclusive of the interest of the child and the rights of the parents, so long as the status at the time of the decree remains without material change, or unless pertinent facts existing at the time of the final decree are brought to light. Decker v. Decker, 176 Ala. 299, 58 So. 195; White v. White, supra; [247 Ala. 405, 24 So.2d 763], Padgett v. Padgett, 248 Ala. 234, 27 So.2d 205; Greene v. Greene, supra [Ala.Sup., 30 So.2d 444]."

It is clear enough that the allegations as to the change in the father's financial condition are sufficient to invoke an inquiry in equity relative to his present ability to pay the amount fixed in the divorce decree for the support of the minor. Authorities supra.

The father's alleged changed financial condition, his removal from Birmingham, Alabama, where he held a job, to Clanton, Alabama, where the minor and his mother reside, his entering business for himself, his remarriage and establishing a home in Clanton, are, in our opinion, also sufficient to invoke equitable inquiry concerning the minor's custody. But we are not to

be understood as saying that the father's remarriage can alone reduce the award for support. Aiken v. Aiken, 221 Ala. 67, 127 So. 819; Tidmore v. Tidmore, 248 Ala. 150, 26 So.2d 905.

The demurrers were properly overruled. Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.