71 So.2d 835

**EASTERLING v. CATON.**

5 Div. 543.

Supreme Court of Alabama.

March 25, 1954.

Jos. J. Mullins, Clanton, for appellee.

A. B. Foshee, Clanton, for appellant.

GOODWYN, Justice.

On January 9, 1945, appellant was granted a divorce from appellee on the ground of adultery. The decree also provided that appellant should have custody of the parties' daughter, then two years of age, "until the further orders of the court", with the right of the mother to "visit and see said child at reasonable times and have said child visit her for at least two Sundays in each month". On January 18, 1947, that decree was amended and modified to the extent that the father, appellant here, was "to have the sole custody, control and pos-

session of said child" and the mother, appellee here, was "denied the right to have said child see and visit with her, or to see and visit this said child until the further orders of this court". From the record before us, it appears that the amendatory decree was rendered pursuant to a petition by appellant in which it was alleged that appellee was "not a fit and suitable person to have the custody, control and possession of said child for any period of time". The record does not show when the petition was filed, although it was sworn to on December 14, 1946. Nor does the record show whether appellee was given notice of said petition, nor whether testimony was taken in support thereof. Although said petition and amendatory decree are shown in the record, it is not clear how they became a part of the record in the instant proceedings.

The petition now before us appears to have been filed by appellee on March 6, 1951. The record does not show the date of filing although appellant's demurrer to the petition refers to it as having been filed on that date. The prayer of the petition is that appellee be given "the custody, control and possession of said child * * *" and that she "be given the right to rear, train, educate and control said child and to have the custody, control and possession of said child without let or hindrance on the part of said Isaac Preston Easterling, with the right in said Isaac Preston Easterling, to see and visit said child or have said child see and visit him on such occasions and at such times as will appear meet and proper" to the court and as appears to the court "may be best for said child".

The petition refers only to the decree of January 9, 1945, a copy of which is attached thereto and made a part thereof. No reference is made to the amendatory decree of January 18, 1947. It is averred in the petition that appellant complied with the decree of January 9, 1945, "for about six months after same was rendered but since said time [he] has refused to comply with said decree and refused the petitioner the custody of said child for any length of time and has consistently refused to let your petitioner see the child". The petition also contains the following averments:

"4. Your petitioner further avers that she has re-married since the rendition of said decree and that she is now Ethel Mae Caton and resides with her husband on Route No. 5, Clanton, Chilton County, Alabama, and the only members of her household are your petitioner and her husband, Bluford C. Caton, and your petitioner avers that she is 26 years of age and her husband is 31 years of age and no children have been born to their marriage and your petitioner and husband reside upon their own farm and dwelling house and are now engaged in farming and their house is modern, well equipped and well provided for the comfort, suitability, rearing and training of said child and your petitioner resides in a good community and resides within 2 miles of good churches and good schools; petitioner further avers that said community is a suitable place for the secular and spiritual education, rearing and training of said child, and that school bus facilities are available for said child at said place; petitioner further avers that she and her husband are fit and suitable and the community is fit and suitable place for the rearing, training and education of said child.

"5. Petitioner further avers that the said respondent, Isaac Preston Easterling has never re-married and now resides with his sister Gertie Mae Durbin, at the above address given. Your petitioner further avers that the respondent, Isaac Preston Easterling is not fit and suitable for the rearing, training and education of said child; and that said child at her present age and for the next several years will especially need and require the attention of a mother and the respondent cannot give to said child the care and attention that is necessary and proper to be given to said child."

Appellant demurred to the petition. This appeal is from the decree overruling said

demurrer. The question presented is whether the petition is sufficient to invoke an inquiry in equity with respect to a change in custody of the minor child.

■ We see no need to deal at length with the objection that the petition now before us makes no reference to the purported amendatory decree of January 18, 1947. Assuming the validity of that decree, strict pleading would require appropriate reference to it in the petition, since the petition is not an independent suit for custody but one to modify the decree of January 9, 1945, which has been modified by the decree of January 18, 1947. However, in proceedings of this nature we have been reluctant to apply strict rules of pleading and procedure. Hardy v. Hardy, 250 Ala. 297, 299, 34 So.2d 212; Scott v. Scott, 247 Ala. 598, 599, 25 So.2d 673; Brown v. Jenks, 247 Ala. 596, 597, 598, 25 So.2d 439. As stated in the Hardy case, supra [250 Ala. 297, 34 So.2d 213]:

"It is of course well settled in this jurisdiction that when a divorce decree embraces the subject of infants' maintenance or custody, the chancery court, without reservation of power, may on change of circumstances at any time thereafter modify its decree to meet changed conditions. Bridges v. Bridges, 227 Ala. 144, 148 So. 816. It was also held in the Bridges case that 'any pleading which shows up on its face that the welfare of an infant requires an order in respect to its custody and support is sufficient.'

"It is equally well settled in this State that in proceedings involving the custody of children, mere legal niceties are not favored in proceedings or pleading, and the court is not bound by any strict rules of pleading, or procedure. Buttrey v. Buttrey, 214 Ala. 465, 108 So. 35; Murphree v. Hanson, 197 Ala. 246, 72 So. 437; Tillman v. Walters, 214 Ala. 71, 108 So. 62."

From the Scott case, supra, we quote the following [247 Ala. 598, 25 So.2d 674]:

"Any pleading which shows upon its face that the welfare of an infant requires an order with respect to its custody or support is sufficient to invoke the jurisdiction of equity. Woodruff v. Conley, 50 Ala. 304; Pearce v. Pearce, 136 Ala. 188, 33 So. 883; Bridges v. Bridges, supra.

"It is no objection to the bill, then, that it is an independent suit in the same court where the divorce was granted. Whether so or not is immaterial, since the bill invokes the jurisdiction of the court for the purpose stated. The principle was thus reasserted in the Bridges case, 227 Ala. at page 146, 148 So. at page 816: 'In the decree of divorce, that court could have provided for the custody of the child and its support and maintenance, but, whether so or not, a proceeding thereafter concerning such matters may be begun in the same court by supplemental proceedings, though they are treated in many respects as original (19 Corpus Juris 353, 354, 355), with the right to review by appeal as any other original proceeding. Smith v. Smith, 218 Ala. 701, 120 So. 167.'"

■ We recognize and approve the principle that " 'courts disfavor oft-repeated, harassing litigation over the custody of infants' ", Stifflemire v. Williamson, 250 Ala. 409, 411, 34 So.2d 685, 686; Greene v. Greene, 249 Ala. 155, 157, 30 So.2d 444; Sparkman v. Sparkman, 217 Ala. 41, 43, 114 So. 580; and, further, we reaffirm the principle that "The burden is on the party seeking a change of custody to show some change of conditions or other substantial reason therefor", Greene v. Greene, supra [249 Ala. 155, 30 So.2d 446]; Sparkman v. Sparkman, supra; Stifflemire v. Williamson, supra, 250 Ala. 412, 34 So.2d 686, 687. Although the petition is not as factual in its averments as might be required under the ordinary rules of pleading, we think it is sufficient to invoke the jurisdiction of the equity court. Accordingly, error was not committed in overruling the demurrer to the petition.

■ Argument is made that the petition shows on its face that the divorce was granted against the petitioner on the

ground of adultery and that, for this reason, she is estopped from seeking custody. We are not willing to say that when a defaulting party in a divorce proceeding is, because of such default, denied custody of the parties' minor child, that such party thereby forfeits, for all time to come, any right to custody, even though, because of a change in conditions, the welfare and best interests of the child would be served by giving custody to such defaulting party. We know of no law or principle of equity so declaring. Of course, a party's default is a pertinent circumstance to be considered, but the fact of such default does not constitute a bar to custody at some later time if the welfare and best interests of the minor will be served by awarding custody to such defaulting party. As stated in Sparkman v. Sparkman, 217 Ala. 41, 42, 114 So. 580, 581, supra:

"In the exercise of the general jurisdiction of courts of equity over the custody of infants, the child becomes in a sense the ward of the court. The decree, final in the sense that while standing it fixes the status of the child, and must be obeyed as a continuing order under penalty of contempt of court, is subject to change by subsequent order. The controlling inquiry throughout is the best interest of the child, his or her interest at the time jurisdiction is properly invoked.

"The custodian has no fixed permanent right. His custody is conditional, liable to be terminated when the court finds occasion so to do. The law writes into the decree the implied provision that the custody so awarded shall continue only to such time as the court shall determine, having in view all interests involved of which the child's welfare is of first moment.

"Accordingly, it has been often declared by this court that the question of the rightful custody of a child is never res adjudicata."

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.