96 So.2d 753

Connie CASEY

v.

Mable Casey COBB.

4 Div. 921.

Supreme Court of Alabama.

Aug. 22, 1957.

Joe S. Pittman, Enterprise, for appellant.

Claude T. Cotton and J. Theodore Jackson, Dothan, for appellee.

LAWSON, Justice.

The appeal is from a decree overruling demurrer to a petition for custody of a minor child.

The petition, held sufficient by the court against demurrer, was filed on March 16, 1957, by Mable Cobb against her former husband, Connie Casey, seeking custody of Levone Casey, their seven-year-old

daughter. In the divorce decree rendered on March 5, 1953, the court awarded custody of the little girl to the father, with the right of the mother to visit the child at reasonable and seasonable times. The provisions of the decree of March 3, 1953, relative to custody were in accordance with a written agreement signed on February 2, 1953, by Mable Casey, her attorney, and the attorney representing Connie Casey.

The pleading now under consideration is a supplemental petition filed in the cause which culminated in the decree of March 3, 1953, and seeks a modification of that decree by having "the full and complete care, custody, control and maintenance" of the child awarded to the mother, Mable Cobb.

In proceedings of this character after the decree of divorcement, the parties seeking a change must allege and show some change of conditions or other substantial reason for modification of the previous decree. The former decree is conclusive of the interest of the child and the rights of the parents, so long as the status at the time of the decree remains without material change. Messick v. Messick, 261 Ala. 142, 73 So.2d 547; Armstrong v. Green, 260 Ala. 39, 68 So.2d 834; Wren v. Stutts, 258 Ala. 421, 63 So.2d 370, and cases cited. It has been observed that courts look with disfavor on oft-repeated harassing litigation over the custody of infants. Decker v. Decker, 176 Ala. 299, 58 So. 195; Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580; Easterling v. Caton, 260 Ala. 543, 71 So.2d 835.

The petition for change of custody here under consideration avers in pertinent parts as follows:

"3. Plaintiff avers that since said decree was rendered in this cause, she has married and is now the wife of Clyde (Clyatt) Cobb; that she and said Clyde (Clyatt) Cobb have one child, a son of the age of to-wit, three years, and that they reside in Washington County, Florida, near Chipley, Florida, and that her husband is of the age of to-wit, Forty-five years, is a farmer, of good moral character, kind, a good worker, in excellent health and a person who maintains his family in a happy, comfortable and convenient way of life; that her said husband has an adequate income, is of good moral character, and is ready, able and willing to assist and aid her in the rearing and maintenance of said child, Levone Casey; that she and her husband live in a commodious house with modern conveniences in which modern conveniences is an electric stove, a television and a deep freeze food unit; that said house in which they reside is located in a community easily accessible to good churches and good schools and that her said husband has an automobile accessible for transportation of his family and that he owns 142 acres of land, with lease on additional lands, being a two-tractor farmer, cultivating about 200 acres of land.

"4th. And plaintiff avers that she is now desirous of the full and complete custody, care, control and maintenance of said child, Levone Casey; that said child, with her father Connie Casey, resides in the home of her grandparents, Mr. and Mrs. John Casey in Dale County, Alabama, near Daleville, Alabama, and that her grandparents are of an advanced age of about, to-wit, eighty years of age, and are, therefore, unable to render proper care and attention to the rearing and training of this child who is of tender years, for and on account of their infirmities of age, and plaintiff avers that she is young, healthy, of good character and amply able and capable of maintaining, rearing and caring for said child, with the aid of her husband, and plaintiff further avers that defendant is not a fit, capable and competent person to have the care, custody and maintenance of said child, Levone Casey.

**436**

"5th. Plaintiff further avers that it would be to the best interests of said minor child of the parties hereto, namely, Levone Casey, that the full and complete care, custody, control and maintenance of said child be awarded to its mother, the plaintiff, Mable Cobb."

It is contended by the appellant that the averments quoted above do not show change of conditions of a kind sufficient to warrant a decree altering the custody provisions of the decree of March 3, 1953, and that the grounds of his demurrer which took that point were erroneously overruled.

We see no occasion to deal at length with this contention in view of our holding in the case of Easterling v. Caton, supra. The averments which we have quoted from the petition in this case are strikingly similar to the averments in the petition involved in the Easterling case, supra, which we held sufficient. There the court stated: "Although the petition is not as factual in its averments as might be required under ordinary rules of pleading we think it is sufficient to invoke the jurisdiction of the equity court." [260 Ala. 543, 71 So.2d 838.] It is well settled in this state that in proceedings involving the custody of children, mere legal niceties are not favored in proceedings or pleading, and the court is not bound by any strict rules of pleading or procedure. Hardy v. Hardy, 250 Ala. 297, 34 So.2d 212; Scott v. Scott, 247 Ala. 598, 25 So.2d 673; Brown v. Jenks, 247 Ala. 596, 25 So.2d 439.

In view of the conclusion reached in Easterling v. Caton, supra, we hold that the trial court did not err in overruling the grounds of demurrer which take the point that the petition fails to contain averments of changed conditions sufficient to authorize a decree modifying the custody provisions of the decree of March 3, 1953.

Equity Rule 11, Code 1940, Tit. 7 Appendix, provides in part as follows: "* * * The prayer for relief must be accompanied by a prayer for process to issue against each defendant to be bound by the relief sought," etc. The prayer for process in the petition here involved does not contain the name of the defendant, but there is a request for proper process to issue "to the defendant." This is a sufficient compliance with Equity Rule 11 where, as here, only one "defendant" is named in the stating part of the bill. Humphrey v. Humphrey, 254 Ala. 395, 48 So.2d 424, 31 A.L.R.2d 315; Julian v. Woolbert, 202 Ala. 530, 84 So. 32; Reid v. Williams, 250 Ala. 602, 35 So.2d 496; Jackson v. Putman, 180 Ala. 39, 60 So. 61. We do not construe our cases of Martin v. Baines, 217 Ala. 326, 116 So. 341, and McDonald v. McMahon's Adm'r, 66 Ala. 115, to conclude to the contrary. We hold, therefore that the trial court did not err in overruling the grounds of the demurrer which take the point that the bill is defective in that the name of the defendant is not set out in the prayer for process.

There being no merit in the grounds of demurrer argued here, the decree of the trial court is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN, MERRILL and COLEMAN, JJ., concur.