120 So.2d 128

**William Gerald BARNETT**

v.

**Sarah Ann BARNETT.**

**8 Div. 21.**

Supreme Court of Alabama.

April 21, 1960.

See also 268 Ala. 621, 109 So.2d 717.

Harold T. Pounders, Florence, for appellant.

John R. Barnes, Florence, for appellee.

LAWSON, Justice.

The appeal is from a decree overruling demurrer to a petition for custody of an infant.

The petition, held sufficient by the court against demurrer, was by Sarah Ann Barnett against her former husband, William G. Barnett, seeking custody of Gerald Mitchell Barnett, their minor son. In the divorce decree rendered on January 17, 1958, the court awarded custody to the father.

The pleading now under consideration, although in the form of an original bill in equity, is in the nature of a supplemental petition in the same cause and seeks a modification of the decree of January 17, 1958, by having the full care, custody and control of the child awarded to the mother.

In proceedings of this character, after the decree awarding custody, the party seeking a change of custody must allege and show some change of conditions or other substantial reason for a modification of the previous decree. Padgett v. Padgett, 248 Ala. 234, 27 So.2d 205, and cases cited; Easterling v. Caton, 260 Ala. 543, 71 So.2d 835; Alexander v. Davis, 261 Ala. 654, 75 So.2d 614; Casey v. Cobb, 266 Ala. 434, 96 So.2d 753; McBride v. McBride, 268 Ala. 619, 109 So.2d 718.

It is contended by the appellant that the petition does not show change of conditions of a kind sufficient to warrant the altering of the custody provisions of the decree of January 17, 1958, and that the grounds of his demurrer which took that point were erroneously overruled.

The decree of January 17, 1958, made an exhibit to the petition, contains the following language: "The Court shall not here set out in detail all of the testimony relative to the *unstable conditions* of Respondent [mother] which in the opinion of the Court makes it unwise and not to the best interest of the child for the custody of said child to be placed with the mother." (Emphasis supplied.)

The petition for modification contained averments to the effect that the mother is no longer unstable. We quote:

"Complainant further alleges that she is now in good health and in good physical condition and able to take care of her child. That her unstable condition as set out in the decree of January 17, 1958, has improved to the extent that she is now entirely well and that she is able to devote all of her time to the care of her said minor child * * *."

In proceedings involving the custody of children, mere legal niceties are not required in pleadings and the court is not bound by any strict rule of pleading. Casey v. Cobb, supra, and cases cited.

Although the petition may not be as factual in its averments as might be desired or required under ordinary rules of

pleading, we think it is sufficient to invoke the jurisdiction of the equity court, for it shows a change of a condition which apparently played a large part in the court's decision to award the custody of the child to the father rather than to the mother.

We hold that the trial court did not err in overruling the grounds of demurrer which take the point that the petition fails to contain averments of changed conditions sufficient to authorize a decree modifying the custody provisions of the decree of January 17, 1958.

There being no merit in the grounds of the demurrer argued here, the decree of the trial court is due to be affirmed. It is so ordered.

Affirmed.

SIMPSON, STAKELY and MERRILL, JJ., concur.