133 So.2d 199

Frances PEREZ

v.

Hulett HESTER.

5 Div. 746.

Supreme Court of Alabama.

Sept. 21, 1961.

———◇———

Hooton & Hooton, Roanoke, for appellant.

D. T. Ware, Roanoke, for appellee.

MERRILL, Justice.

Appeal from a decree overruling demurrer to a petition of the father for custody of his eleven year old daughter, whose custody had been awarded to the mother in a divorce decree dated November 30, 1959.

■ Three principles are involved where modification of an original decree involving custody of minor children is sought. First, the controlling consideration is the welfare of the child. Second, in determining which parent is entitled to the custody of minor children, each case must stand on its own particular facts. Third, the party seeking a modification must allege and show some change of conditions or other substantial reason for modification of the previous decree. Raines v. Baucom, 270 Ala. 706, 121 So.2d 870; Barnett v. Barnett, 270 Ala. 489, 120 So.2d 128.

Appellant argues that no sufficient change of circumstances has been alleged in the petition.

■ The petition shows that the parties lived together as husband and wife until November 17, 1960 (nearly twelve months after the divorce decree was signed); that appellant filed a bill for divorce against appellee on October 17, 1959, but that they had a complete settlement and appellant told appellee that she was dropping the suit and, relying on her statement, he did not employ an attorney or make an appearance in court; that he never learned that she went forward with the suit, secured a decree pro confesso and obtained the divorce decree awarding custody of their daughter to appellant; that appellee was working on the night shift at a cotton mill at Lanett on November 17, 1960; that he came home that morning and appellant, with whom he had been living as man and wife in Roanoke, was not at home; that upon investigation, he learned that she had left during the night with some men, whose names were not known to appellee; that their daughter was living with appellee's mother and was taken away on November 17, 1960, by false representations by appellant; that neither appellant nor her present husband Perez is a fit or suitable person to have control or custody of the child; that Perez is a transient, being connected with a fair or show that travels over a large territory; that Perez has no home and the child is not attending any school and is not being properly attended.

■ We have consistently held that a former decree awarding custody of a minor child is conclusive of the interests of the child and the rights of the parents so long as the status at the time of the decree remains without material change, unless pertinent facts existing but not disclosed at the time of the final decree are brought to light. Burleson v. Burleson, 269 Ala. 637, 114 So.2d 887; Parker v. Parker, 269 Ala. 299, 112 So.2d 467.

In Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580, 581, we said:

"If pertinent facts existing at the time of the former decree have come to light, whether the parties may have been diligent or not, the court, with the interest of the infant as the guiding star, should hear and consider them. Former decrees, with the presumptions that properly attend them, thus become an aid, and not a binding adjudication, in such proceedings as we have before us."

We think the pertinent facts (they are taken as facts on demurrer) already set out require the court to hear and consider proof of them in this cause.

■ In proceedings involving the custody of children, mere legal niceties are not required in pleadings and the court is not bound by any strict rule of pleading. Barnett v. Barnett, 270 Ala. 489, 120 So.2d 128; Casey v. Cobb, 266 Ala. 434, 96 So.2d 753.

The demurrer was properly overruled.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.