153 So.2d 252

**Barbara Ann Cunningham WAGNER**

v.

**Willie Ray CUNNINGHAM.**

4 Div. 153.

Supreme Court of Alabama.

May 9, 1963.

W. R. Martin, Ozark, for appellant.

No attorney for appellee.

LAWSON, Justice.

This is an appeal from a decree wherein the trial court refused to modify the pro-visions of a divorce decree relative to the custody of a minor child, a young boy.

The wife, appellant, secured the divorce from appellee on June 21, 1961. Cruelty was the ground on which the divorce decree was based. The custody provisions of the decree were pursuant to a written agreement which was made a part of the decree and which provided:

"(a) From the date of execution of this agreement until the date said minor enters the public schools First Party [the father] is to have custody and exclusive control for one week and then Second Party [the mother] is to have custody and exclusive control for one week. Commencement of the custody period to be determined by the parties hereto.

"(b) From the date said minor enters the public schools custody is to be as follows:

"From Sunday at 5:00 P.M. until Friday at 5:00 P.M. each week, Second Party has exclusive custody and control.

"From Friday at 5:00 P.M. until Sunday at 5:00 P.M. each week First Party has exclusive custody and control.

"Each party is to pick up the minor child when his or her custody period begins.

"However, during the vacation period or during the summer months when the child is not attending school, the periods of custody rights are exactly reversed for each party.

"The custody rights as herein set out may be altered from time to time upon mutual agreement of the parties hereto."

Since the divorce, the father and mother have married other persons. Both of them were still living in Dale County at the time the petition for modification was filed on September 4, 1962. But the mother's present husband is in the military service and

is stationed in New Jersey. She wants to join her husband and wants to take the young boy with her. To that end she sought to have the custody provisions of the divorce decree modified so as to permit her to take the child with her to New Jersey. He is now of school age. In other words, she wanted custody of the child during the school months without any right of visitation to the father on weekends.

As before indicated, the trial judge refused to order a modification. We cannot say that he erred in concluding that such a modification would not be to the best interest of the child.

Remarriage of the party or parties to a divorce is not in and of itself such a material change as to justify modification of an original decree awarding custody. McBride v. McBride, 268 Ala. 619, 109 So.2d 718, and cases cited. In the instant case, there has been no change in circumstances other than remarriage.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.