217 So.2d 811

**Betty Ann BROADUS**

v.

**Charles Edward BROADUS et al.**

**I Div. 529.**

Supreme Court of Alabama.

Jan. 16, 1969.

Wilson Hayes, Bay Minette, for appellant.

John V. Duck, Fairhope, for appellees.

HARWOOD, Justice.

This is an appeal from an order modifying the child custody provisions set forth in a decree of divorce awarded Betty Ann Broadus.

In the original decree a purported agreement between Betty Ann Broadus and her then husband, Charles Edward Broadus, concerning the custody of the child of the marriage, was incorporated as a part of the decree. Under this purported agreement, the husband or his parents were given certain visitation rights. Apparently, disputes arose between the parties as to the true meaning of the stipulated agreement, and about three months after the date of the divorce decree, Betty Ann Broadus filed a petition for modification of the divorce decree relative to the child custody provisions. In this petition she alleged that the agreement she had executed as to the custody of the child had been altered after she had signed the same.

After a hearing, the court entered a decree setting aside the purported agreement, and awarded the custody of the child to Betty Ann Broadus with the further provision that George Broadus and Marie Broadus, the paternal grandparents of the minor child, should have the right to have the child visit with them on the first and third weekend of each month from the hours of 6 P.M., on Fridays, to 6 P.M., on the following Sundays, for ten months of each year, "but during the months of May and June each year the said child shall live with them and during said months * * * Betty Ann Broadus shall have the said child visit with her on the first and third weekends of said months, from 6 P.M., on Fridays until 6 P.M., on the following Sundays."

The decree further provided that George Broadus "one of the third party complainants in this cause shall pay to Betty Ann Broadus, * * * the sum of $25.00 on

the first and 15th of each month, commencing on the 15th day of March, 1968, for the maintenance and support of the minor child, Charles Edward Broadus II."

At the hearing below, George Broadus and Marie Broadus testified in the case. After the hearing, the court entered its decree as to the custody of the child as above stated. In addition, the decree sets forth:

"This cause coming on to be heard, was submitted upon the Motion to Set Aside And Modify the Decree of Divorce rendered in this cause on the 26th day of September, 1967, filed by the Respondent and Cross-Complainant on 25 October, 1967, the demurrer thereto filed by the Complainant and Cross-Respondent on 1 November, 1967, the Plea by the Complainant and Cross-Respondent filed on 2 November, 1967, and the Motion for Rule Ni Si and Rule to Show Cause filed by George Broadus and Marie Broadus, Third Party Complainants on 28 February, 1968, and oral testimony taken in open Court on this date by the Court Reporter, both parties being present and represented by their respective Counsel, * * *"

As we understand the thrust of the argument of the counsel for appellant, Betty Ann Broadus, it is to the effect that that portion of the decree awarding the custody to the paternal grandparents and visitation rights as above set forth, are beyond the pleadings in the cause.

The evidence presented below shows that for some three or four years Betty Ann Broadus and the minor child lived in the home of the paternal grandparents. The evidence further shows that George Broadus has paid the support money provided for in the original decree on behalf of his son who was the respondent in the divorce proceedings. The evidence also shows that Charles Edward Broadus, the father of the child, has entered military service, and has in no wise contributed to the support of his child.

In Doss v. Wadsworth Red Ash Coal Co., 185 Ala. 597, 601, 64 So. 341, 342, this court wrote:

"This court has adopted the rule that the judgment entry is, when clear in its recitals, the controlling source of information as to what pleading constituted the issues upon which the trial was had. Providence, etc., Co. v. Pruett, 157 Ala. 540, 546, 547, 47 South. 1019; Dannelley's Case [Dannelley v. State], 130 Ala. 132, 30 South. 452; Jackson's Case [Jackson v. State], 142 Ala. 55, 37 South. 920. In the Pruett Case (supra) it was said: 'If the judgment were silent as to the issues, or so vague, indefinite, and uncertain in its recitals as not to inform, then it is permissible to look elsewhere to determine what were the issues.' "

It is clear from the recitals in the decree here appealed from that George Broadus and Marie Broadus were brought into the case as third party complainants, and the issues as to their participation in the matter of the custody of the child was before the court, and fully litigated.

█ In proceedings relating to the custody of children after a divorce decree, mere legal niceties are not required in pleadings and the court is not bound by any strict rule of pleading. Barnett v. Barnett, 270 Ala. 489, 120 So.2d 128.

██ It is now an established truism that in child custody cases each case must rest upon its own facts and circumstances with, of course, the principle always in mind that the welfare of the child is the paramount issue. Featherston v. Featherston, 271 Ala. 238, 123 So.2d 120. The trial court was warranted under the issues as described in the judgment to mold the decree so as to best serve the interests of the child. Snead v. Davis, 265 Ala. 229, 90 So.2d 825.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.