232 So.2d 680

Edward L. JENKINS

v.

Betty B. JENKINS.

8 Div. 3.

Court of Civil Appeals of Alabama.

March 4, 1970.

Potts & Young, Florence, for appellant.

Perkins, Walker & Musgrove, Florence, for appellee.

BRADLEY, Judge.

This proceeding arose as a result of a bill of complaint being filed in the Circuit Court of Lauderdale County, Alabama, in Equity, seeking a modification of a prior decree of said court wherein it had awarded custody of two minor children to the mother, the respondent-appellee, and prescribed certain procedures for visitation by the father, complainant-appellant.

There was also a motion filed with the trial court asking the court to order the appellee to submit to a medical examination to determine whether or not she was pregnant.

A demurrer was filed to the bill seeking a modification of the original custody decree.

After the demurrer was filed, the appellant came in with an amendment to the bill of complaint alleging that appellee had been guilty of acts of adultery prior to the divorce decree and prior to a decree which sought a change in custody of the children and which said acts were unknown to appellant at the time of the decrees above mentioned, and seeking a reduction in alimony payments.

The demurrer was refiled to the complaint as amended, but before a ruling thereon could be had, and without an answer having been filed, the court proceeded to take testimony on the allegations contained in the bill as amended. There was no objection by either appellant or appellee pointing out the inconclusive state of the pleadings prior to the hearing on the merits of the case.

The relief prayed for in the modification complaint was denied by the court insofar as it pertained to the request for custody of the two minor children by the complainant father.

The matter is now before this court as a result of an appeal from said decree of the trial court.

Appellant assigned as error the refusal of the trial court to modify the original custody decree so as to award him custody and care of the two minor children, and the refusal of the trial court to require appellee to submit to a medical examination to ascertain whether or not she was pregnant.

The appellant and appellee had been married when they were 17 and 15, respectively, and had lived together as husband and wife for a period of approximately seven years, and out of that marriage two children were born.

In October 1967, an uncontested divorce was granted to the wife, appellee here, on the ground of cruelty. Custody of the two children was awarded to her, and she was given $15.00 a week alimony and $30.00 a week child support. Weekly visitation privileges were granted to appellant.

In July 1968, the trial court refused to grant appellant custody of the two minor children. He had alleged appellee was an unfit mother.

Sometime after this decree, appellant again petitioned the court to modify the custody decree on the ground appellee was an unfit mother. This time he contended and attempted to prove that appellee had committed acts of adultery with men unknown to him.

The evidence to support this allegation consisted mainly of statements made by appellee to a brother of appellant, and recorded on tape.

Moreover, appellee readily admitted making certain statements to appellant's brother relating to her feelings toward, and contacts with, certain male acquaintances. She also admitted making the statement that she suspected she might be pregnant. But, she further said that these statements were jokingly made. She also positively denied having had sexual intercourse with any man, be he married or single, since the divorce. She did concede that she was very fond of her lawyer, who was a married man.

There was no other evidence of any consequence concerning appellee's unfitness to retain custody of the two minor children.

At the time of the filing of the bill seeking modification and during several of the hearings held thereon, appellant was unemployed and living with his mother. However, prior to the decree in this cause, appellant returned to the ranks of the employed.

The testimony showed that if custody be awarded to appellant, he would have to rely on his mother to help him care for the children.

It was also shown that appellee was employed and receiving about $60.00 a week. she had engaged her next door neighbor to care for the children while she was working.

The evidence was ample to support a finding that appellee adequately cared for the children and met all of their needs.

We would point out that we were impressed with the diligence with which the court questioned each and every witness for both appellant and appellee, in an at-

tempt to get at the root of the trouble between the parties to this proceeding.

This proceeding was heard ore tenus by the court, and its questions indicated its keen observance of the demeanor of each and every witness who testified in the case.

The court's avowed purpose of ascertaining appellee's fitness to retain custody of her two children was never obscured.

■ It is a universal rule that the welfare of children of a broken marriage is always of paramount importance to a court when it is considering who shall be their custodians. Carter v. Harbin, 279 Ala. 237, 184 So.2d 145.

■ It is equally well established that one who seeks to modify a custody decree must show such changed circumstances as would warrant a modification. Barnett v. Barnett, 270 Ala. 489, 120 So.2d 128.

The trial court decided that the circumstances surrounding the home and social life of appellee had not been so changed as to warrant the awarding of custody of the children to appellant.
. . . .

■ And unless this court can say that the trial court was plainly and palpably wrong in its decision, we have no choice but to affirm said ruling. Stairs v. Stairs, 283 Ala. 263, 215 So.2d 591.

■ After a careful examination of the evidence in this case, we are strongly committed to the view that the trial court was not wrong in its decision to leave the custody of the children with the mother, appellee here.

.   .   .   .   ..   .   .

Appellant says, in his assignment of error one, that the trial court erred when it overruled his motion to require appellee to submit to a physical examination by a physician to determine if she was pregnant or had been pregnant in the past few months. We do not think the trial court so erred.

The record in this case reveals that the bill of complaint was filed with the Register of said court on September 6, 1968, and the motion to require appellee to submit to a physical examination to ascertain pregnancy was filed on October 1, 1968.

Hearings before the court on the modification complaint were held on October 14, 15 and 16, 1968 and December 4, 1968. And, on December 4, 1968, the court denied the motion for a physical examination to be performed on appellee.

■ We conclude that the motion to require appellee to submit to a physical examination to determine pregnancy presented itself to the sound discretion of the trial court. Furthermore, had it been proved that appellee had been guilty of adultery since the divorce in 1967, this circumstance would not, in and of itself, bar the trial court from awarding custody of the children to the appellee. Easterling v. Caton, 260 Ala. 543, 71 So.2d 835. It would be, however, a circumstance to be considered by the court in determining whether the mother was a fit person to have custody of the children. And, as we view the motion for physical examination of appellee, the purpose was to show adultery on her part; and, consequently, an unfit mother.

The record is replete with statements by the trial judge that he had given this case and the parties thereto more attention since the original bill of complaint was filed in 1967 than he had any other divorce or custody case. He pointed out that he had not only held several formal hearings on various aspects of the proceeding, but that he had also conducted many office conferences with the parties to this matter, their children and counsel.

We conclude from these statements that the trial court had ample opportunity for observation of the appellee over such a length of time that any pregnancy on the part of appellee would have been revealed to him prior to his ruling on the motion. Of course, this does not mean that a miscarriage could not have occurred during

this period, which would have obviated any signs of pregnancy.

However, after a careful examination of the record in this case, we cannot say that the trial court abused its discretion by overruling the motion to require appellee to submit to a physical examination to ascertain pregnancy.

Appellee's motion to strike assignments of error is denied.

There being no reversible error in this case, it is affirmed.

Affirmed.