288 So.2d 792

**Wanda Joyce Nelson PEZENT**
v.
**Harold D. NELSON.**

Civ. 270.

Court of Civil Appeals of Alabama.

Jan. 2, 1974.

Ronnie E. Keahey, Grove Hill, for appellant.

Joseph D. Phelps, Montgomery, for appellee.

WRIGHT, Presiding Judge.

This is an appeal from a decree of the Circuit Court of Clarke County, Alabama, denying modification of a divorce decree as to custody and support.

Appellant, Wanda Joyce Nelson Pezent, was divorced from Harold D. Nelson by decree dated April 4, 1972. There was incorporated in the decree an agreement of the parties. The agreement was that custody of the minor child, age two and one half years, would be shared equally between the parties until she reached school age. It was agreed that appellant was to receive $15.00 a week as support until the child reached school age when there would be an increase to $20.00 a week.

The sharing of custody was begun by appellant having the child from Friday through Tuesday, with appellee having her from Tuesday to Friday. After a time this arrangement was changed by agreement so that each kept the child for a period of two weeks. The manner of sharing custody had not been established in the original agreement nor in the decree.

On June 26, 1972, slightly more than two and a half months after the divorce, appellant filed a petition to modify, requesting full custody subject to visitation rights by appellee of two weekends each ·month, and an increase in support. Appellee filed answer and cross-petition requesting that the agreement as to support be interpreted to mean that such support was payable only when the child was in custody of appellant.

The request for modification by appellant alleged a material change of circumstances since the divorce in that appellant had remarried and now had a home in which to suitably keep the child. It is further

alleged that the sharing of custody equally is not to the best interest of the child as she is continuously being transported back and forth between the parties. Appellant alleges that $15.00 a week is insufficient as support.

After oral hearing of the petitions, the court entered a decree finding there had been no material change of circumstances or conditions in the short period since the original decree justifying modification. The petition to modify of appellant was denied. The court declined to render any interpretation of the support provisions of the original decree as requested by appellee. Costs were taxed against complainant-appellant. This decree was entered April 13, 1973, appellant, original petitioner below, appeals. We affirm the decree of the trial court.

 One who seeks to modify a decree of custody and support must show such material change in circumstances since the last decree as will warrant a modification. Jenkins v. Jenkins, 45 Ala.App. 500, 232 So.2d 680; Barnett v. Barnett, 270 Ala. 489, 120 So.2d 128. There is admission in the evidence of both parties that each is a fit and suitable custodian of the child. The primary basis for the alleged change of circumstances occurring in the brief period between the agreement and original decree and the filing of the petition, was the remarriage of appellant. She contends that such remarriage and the obtaining of a home placed her in a better position to keep and provide for the child than she was at the time of the decree.

It has been stated that remarriage, in and of itself, is not such a material change of circumstances as to justify modification of a decree awarding custody. Wagner v. Cunningham, 275 Ala. 175, 153 So.2d 252; McBride v. McBride, 268 Ala. 619, 109 So.2d 718.

We have carefully examined the evidence in light of the presumption of correctness of the decree of a trial court which heard the evidence ore tenus. We are unable to find from such examination that the decree denying relief to appellant is clearly wrong. Northcutt v. Northcutt, 45 Ala. App. 646, 235 So.2d 896; Skipper v. Skipper, 280 Ala. 506, 195 So.2d 797.

One of appellant's assignments of error is that the court erred in failing to interpret the agreement and original decree as to the support provisions. We find no such relief requested by petition of appellant; appellee did request such relief but he does not appeal. Such assignment by appellant is not well taken.

We have determined that there is no reason to set out the testimony in this case. It is relatively brief. We deem it sufficient to say that the evidence is insufficient to convince this Court that the findings and conclusions of the trial court in its decree of April 13, 1973, are wrong.

Affirmed.

BRADLEY and HOLMES, JJ., concur.