WRIGHT, Presiding Judge.
This is a child custody case.
The parties were divorced in 1973, the decree by agreement awarding custody of the then infant child, Candace, to the mother. In 1976 the mother, Candace and the mother’s other child, Chris, moved to Rangely, Colorado. Subsequently, the husband petitioned for modification, the trial court denied change of custody and we affirmed such denial in Cheatham v. Cheatham, 344 So.2d 525 (Ala.Civ.App.1977). The husband again sought custody of Candace by petition to modify, alleging that the child was being kept in an unsuitable and undesirable atmosphere, was being left alone and without proper supervision, clothing and food. After oral hearing, the trial court granted modification and awarded Candace’s custody to her father. The mother appeals and we reverse.
Several well established principles guide our review of this case. Initially, we recognize the presumption of correctness to be accorded the trial court’s judgment and that such judgment should only be reversed upon a showing of plain and palpable abuse of discretion. Taylor v. Taylor, 387 So.2d 849 (Ala.Civ.App.1980). The primary consideration here, as in every child custody case, is the welfare of the child. Perez v. Hester, 272 Ala. 564, 133 So.2d 199 (1961). The party seeking to modify custody provisions of the original decree has the burden of proving a material change in circumstances affecting the welfare of the child since that decree. Nelson v. Nelson, 354 So.2d 1142 (Ala.Civ.App.), cert. denied, 354 So.2d 1144 (Ala.1978); Gould v. Gould, 55 Ala.App. 379, 316 So.2d 210, cert. denied, 294 Ala. 757, 316 So.2d 214 (1975). The petitioner’s burden of proof in custody modification is a heavy one in that (1) the *251 original decree is presumed correct, (2) there must be a substantial reason for the change, and (3) the surrounding circumstances must affect the welfare of the child. Roberson v. Roberson, 370 So.2d 1008 (Ala.Civ.App.), cert. denied, 370 So.2d 1012 (Ala.1979).
The only issue is whether the husband met his burden of proving a material change in circumstances affecting the welfare of the child so as to justify a change in custody. Without detailing the evidence presented, and noting that we have studiously reviewed the record, we find that the husband failed to carry his burden in this regard.
There was much evidence in the form of testimony and depositions of thirteen witnesses. Virtually all the evidence was presented in a manner as to set forth the virtues of the respective parties with regard to their parental capabilities. This evidence would only indicate, and the trial court stated in its decree, that “both parents are fit and proper persons to have the custody of the parties’ minor child. . . . ” The remaining evidence as to alleged deficiencies of the mother in raising the child is more reflective of the differing lifestyles of Rangely, Colorado, population 2,000, and Huntsville, Alabama, a metropolis of over 140,000 persons, than of any shortcomings on her part. That the child has always been clean, well fed, successful in school and generally happy while living with her mother is undisputed. That the mother loves, cares for, looks after and provides for the child to the best of her means is obvious. The eight-year-old child’s expressing a desire to live with her father, particularly after he has had temporary custody for several months at the time of trial, is not determinative. Patterson v. Patterson, 345 So.2d 1364 (Ala.Civ.App.1977). The child expressed love for and approval of the treatment received from her mother as well.
Having carefully reviewed the record before us, we see no reason for changing custody from one “fit and proper” parent to the other. There is simply no evidence of a material change in circumstances affecting the welfare of the child other than the better financial circumstances of the father. If that were the standard for determining custody, few divorced mothers would gain custody. The judgment of the trial court is due to be reversed.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.